**Joseph BAKER, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 17100.**

United States Court of Appeals
Ninth Circuit.

Feb. 2, 1961.

Joseph Baker, in pro. per., for appellant.

Charles P. Moriarty, U. S. Atty., James F. McAteer, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before CHAMBERS, HAMLEY and MERRILL, Circuit Judges.

MERRILL, Circuit Judge.

Baker appeals from order of the District Court for the Western District of Washington, entered after hearing, denying his motion for relief under 28 U.S.C. § 2255. Baker protests that the hearing was had in the wrong district: in the district of confinement rather than the district of sentence.

On December 6, 1957, after jury trial had in the District Court for the Western District of Washington, Baker was sentenced to a prison term of fifteen years. He is now serving his sentence in Alcatraz Prison, San Francisco, California. On February 29, 1960, Baker filed a motion to vacate sentence under § 2255. He alleged that at the time of trial he had been mentally incompetent and unable to cooperate intelligently in his defense and that this condition was due to the fact that narcotic drugs had been administered to him by jail authorities during his incarceration at King County jail in Washington.

On June 24, 1960, the District Court for the Western District of Washington entered an order granting a hearing on Baker's motion and specifying that the hearing be had in San Francisco in the District Court for the Northern District of California before the sentencing judge. The sentencing judge thereafter was assigned to sit on the matter in the District Court for the Northern District of California. Hearing was had in San Francisco, on the basis of which the District Court for the Western District of Washington, again taking over in the case, denied the motion.

One might well regard the procedure followed below as a sensible solution to the transportation problems presented by motions under § 2255. The question, however, is whether such procedure is authorized. In our view, it is not and the order of the court below must be vacated for the reason that the California District Court was not authorized to entertain the hearing. It is the "court which imposed the sentence" that under § 2255 is authorized to entertain the motion, grant hearing thereon and determine the issues.

The legislative history of the section is discussed in United States v. Hayman, 1951, 342 U.S. 205, 72 S.Ct. 263, 96 L. Ed. 232. It is there pointed out that at the time the section was enacted by Congress it was recognized that the procedure might be subjected to abuse and that the prospects of prisoner "joy rides" could encourage the filing of baseless motions. However, the alternative—that of transporting officials and witnesses from the district of trial to the district of confinement for hearings in habeas corpus—was felt to have greater disadvantages.[1]

With full recognition of the possibility of abuse, the statute provides for no discretionary power in the United States or in the District Court to transfer a hearing under § 2255 to the district of confinement.

The applicant, it is clear, is given no choice of forum. The section denies his right to a hearing in habeas corpus in the district of confinement unless it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." A denial of choice of forum should, we feel, apply equally to both parties in the absence of some expression to the contrary. If, as has been suggested, Rule 77(b), F.R.Civ.P., 28 U.S.C. should be read to supply such expression, see Green v. United States, D.C.Mass.1958, 158 F.Supp. 804, 807, then by that rule:

"* * * no hearing, other than one ex parte, shall be conducted outside the district without the consent of all parties affected thereby."

We conclude that the hearing upon this motion could not be had before the District Court of the Northern District of California.

The United States asserts that at the California hearing appellant was unable to specify the name or expected testimony of any witness who could appear on his behalf at a hearing in Washington. The United States contends that this demonstrates that appellant was not prejudiced by the fact that the hearing was transferred to California.

Lack of prejudice, however, cannot bring life to the unauthorized hearing. Whether the sworn testimony of the appellant there given may be considered as casting new light on his right to demand a hearing is a question not before us.

Reversed. This matter is remanded to the District Court for the Western District of Washington, with instructions

---

1. The court quoted (footnote 25, 342 U.S. at pages 217–218, 72 S.Ct. at page 271) a statement submitted to Congress at the request of the House and Senate Judiciary Committees by Circuit Judge Stone on behalf of the Judicial Conference Committee on Habeas Corpus Procedure. This quotation in part reads:

"The main disadvantages of the motion remedy are as follows: The risk during or the expense of transporting the prisoner to the District where he was convicted; and the incentive to file baseless motions in order to have a 'joy ride' away from the prison at Government expense.

"Balancing these, as well as less important, considerations, the Conference is of opinion that the advantages outweigh and that the motion remedy is preferable. As to the risk (escape or delivery) while transporting the prisoner to the District of conviction, the difference is only one of degree—of distance and, therefore, of opportunity. As to the expense, it is highly probable that it would be more expensive for the Government witnesses to go from the District where sentence was imposed and return than for the prisoner to be brought to such District and returned. As to the incentive to file petitions, the difference is between a longer and a shorter trip to the Court."

that the order denying appellant's motion and the order providing for hearing be set aside and for further action upon appellant's motion.

CHAMBERS, Circuit Judge (concurring).

I concur in the above opinion. This is because I believe it is technically correct. But obviously the prisoner was fairly treated.

By way of dictum, I wish to make some general remarks. It occurs to me that the Federal Rules of Civil Procedure are generally applicable to these § 2255 proceedings. In fact, the district court recognized this in ordering the deposition of Dr. James T. Moriarity to be taken on written interrogatories. It occurs to me that before hearing, an assistant United States attorney could go to Alcatraz and take the petitioner's deposition.[1] Discoveries thereunder might well form the basis for justly denying the prisoner a trip from Alcatraz to Tacoma. Surely there is meaning to the sentence in § 2255 which reads as follows:

"A court may entertain and determine such motion without requiring the production of the prisoner at the hearing." [2]

Obviously, there will be some cases where underlying fairness will require that the prisoner be present at the hearing. And, usually when the prisoner is not present, it would be well to appoint counsel to represent him at the hearing.

We must always be alert to catch the rare case when the prisoner has been imposed upon. But there must be a way to protect the courts from the mockery that goes on in so many of these § 2255 cases. I believe the way lies in directing the attention of the district attorneys to full use of the Federal Rules of Civil Procedure. Also, in many of these cases there is obviously the old fashioned crime of perjury. Whether such exists here, I express no opinion.

---

1. Also Rules 33 and 36 of the Federal Rules of Civil Procedure offer possibilities.

2. Later, I shall make up my mind about whether, when discovery proceedings show the petition is obviously without merit, the district court may then cancel a previous order for a hearing.