EUGENE R. BASTIAN, Plaintiff

v.

THOMAS MARTIN, WARDEN RICHMOND PENITENTIARY,
Defendant

Civil No. 74-738

District Court of the Virgin Islands

Div. of St. Croix

October 9, 1974

EUGENE R. BASTIAN, *pro se*

YOUNG, *District Judge*

## MEMORANDUM OPINION AND ORDER

A habeas corpus petition has been presented to this Court, in which petitioner claims that his parole was improperly revoked and, consequently, that he is being incarcerated unlawfully in Richmond Penitentiary. Before granting a full evidentiary hearing, it is this Court's duty

15

to ascertain whether the claim is a substantial one. Sanders v. United States, 373 U.S. 1, 21 (1963).

Petitioner alleges that:

(1) the local parole board had no justification for revoking his parole, and

(2) the arrest warrant issued by the board was technically defective in that it contained neither a seal nor authorization of the Chairman of the Board of Parole.

Petitioner's first contention is without merit and can be disposed of by reference to Title 5, Section 4604 of the Virgin Islands Code, which provides in part that a violation of any law constitutes a breach of condition of parole. Since petitioner's violation is the commission of a crime, the justification for revocation clearly exists. As to petitioner's second contention, the warrant was signed by Lionel A. Todman, Chief Probation and Parole Officer of the Virgin Islands; this undoubtedly comports with the technical amenities of Title 5, Section 4605(a), which expressly permits issuance of parole warrants by said official.

Petitioner's unsubstantial contentions justify the need to screen post-conviction cases carefully prior to granting a plenary hearing. For, unlike other litigants, prisoners have no reason to avoid unnecessary courtroom hearings. See Commentary to Section 4.5, Standards Relating to Post Conviction Remedies, ABA Project on Min. Standards for Criminal Justice (Approved Draft, 1968). Some courts have noted that one of the gains to applicants in seeking relief, even if their claims are frivolous, is a day or more "on the outside". See Baker v. United States, 287 F.2d 5, 6 (9th Cir. 1961); Carvell v. United States, 173 F.2d 348 (4th Cir. 1949).

However, consistent with a policy of liberality in the interpretation of habeas corpus pleadings, see, e.g., Price v. Johnson, 334 U.S. 266, 292 (1948); Roberts v. Pegelow, 313 F.2d 548, 559 (4th Cir. 1963), this Court has raised, sua

sponte, a constitutional claim on behalf of the petitioner. The Supreme Court opinion in Morrissey v. Brewer, 408 U.S. 471 (1972), has held that a parole revocation involves significant values within the protection of the Due Process Clause of the Fourteenth Amendment, and termination of a parolee's liberty requires an informal hearing to verify that the finding of a parole violation is based on facts sufficient to support the revocation. Id. at 480–82. In the instant case, petitioner's parole was revoked due to the commission of a crime. Although a new criminal offense is typically the most serious way in which the conditions of parole may be violated, the protection of the Morrissey case extends to the criminal recidivist as well as to the normal parole violator.

Petitioner, paroled from Richmond Penitentiary on January 18, 1974, pleaded guilty in this Court to the crime of Promoting Prison Contraband on April 10. The Parole Board scheduled a revocation hearing for petitioner on June 6; however, petitioner checked into the hospital on June 5 for "abdominal pains", thereby failing to attend the hearing. On June 28, petitioner was served with an arrest warrant pursuant to Title 5, Section 4605(a) of the Virgin Islands Code and has been incarcerated in Richmond Penitentiary where he is serving the remainder of a five-year sentence for Assault in the First Degree. To date, no hearing has been held regarding the revocation of petitioner's parole.

The Parole Board correctly waited until petitioner was convicted of Promoting Prison Contraband prior to scheduling a hearing; a revocation hearing before trial or plea of guilty to the charge on which it is based could well have jeopardized petitioner's privilege against self-incrimination. Cf. Marchetti v. United States, 390 U.S. 39 (1968); Garrity v. New Jersey, 385 U.S. 493 (1967); Spevack v. Klein, 385 U.S. 511 (1967). The two-month period

between petitioner's conviction on April 10 and his scheduled revocation hearing on June 6 was not an unreasonable delay; and because the petitioner's hospitalization on June 5 remains the primary cause for the hearing not having been held, and because the Parole Board has advised this Court that it will schedule another hearing soon, I am satisfied that there has been full compliance with the mandates of Morrissey v. Brewer.

### ORDER

It is hereby ORDERED that applicant's petition for a habeas corpus hearing is DENIED; however, this denial does not affect applicant's right to petition again in the event that a speedy hearing on his parole revocation is not held.