**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert Earl DEITLE, Defendant-Appellant.**

**No. 12727.**

United States Court of Appeals Seventh Circuit.
Jan. 25, 1960.

---

**118**

John T. Harrington, Madison, Wis., for appellant.

George E. Rapp, U. S. Atty., Madison, Wis., for appellee.

Before DUFFY and KNOCH, Circuit Judges, and SWYGERT, District Judge.

DUFFY, Circuit Judge.

This is an appeal from an order of the District Court denying defendant Deitle's motion to vacate four judgments of conviction. Deitle's motion was filed pursuant to 28 U.S.C.A. § 2255. Defendant entered pleas of guilty to three informations and one indictment, each charging violations of 18 U.S.C.A. § 2314.[1]

The defendant was initially arrested because of an alleged offense committed in Missouri. However, offenses of a similar nature came to light which occurred in the Western District of Wisconsin, the District of Kansas and the Middle District of Georgia. Defendant took advantage of the provisions of Rule 20 F.R.Cr.P., 18 U.S.C.A. and waived indictment and prosecution in the states where three of the offenses were committed, and consented to prosecution of same in the Western District of Wisconsin.

Defendant was arraigned on June 18, 1958 for the offense alleged to have been committed in Wisconsin. He waived his right to counsel and entered a plea of guilty.

Defendant next appeared in the District Court of the Western District of Wisconsin on September 9, 1958. Although he had been represented by counsel on and before that date, defendant, on that occasion, appeared without counsel. Defendant waived indictment and requested that the charge originating in Missouri be transferred to the Western District of Wisconsin under Rule 20.

In due course, the cases originating in the Districts of Kansas and Missouri were transferred, and on the 14th day of October, 1958, defendant appeared in court with counsel of his own choosing and entered pleas of guilty to the Kansas and Missouri offenses. He was then sentenced on the charges originating in Wisconsin, Kansas and Missouri. The information in each case was read in open court. Defendant and his counsel previously had been furnished copies of these informations. The Court imposed sentences.

On October 22, 1958, the defendant again appeared in the District Court of the Western District of Wisconsin for arraignment on an indictment originating in Georgia which had been transferred to the Western District of Wisconsin under Rule 20. This indictment likewise was read to defendant, and he entered a plea of guilty to the charge. The Court imposed a concurrent sentence.

The checks passed in Wisconsin and Georgia were each for the sum of $64.29, and the payee and the bank drawn upon in Ohio were identical. The check passed in Missouri was for $250.00, and the check in Kansas was for $150.00.

1. "Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce any falsely made, forged, altered, or counterfeited securities, knowing the same to have been falsely made, forged, altered, or counterfeited; * * *"

On June 5, 1959, defendant filed a motion to vacate and set aside the judgments of conviction. The Court held a hearing without requiring the defendant to be personally present. Thereafter the Court made and entered Findings of Fact, Conclusions of Law and then entered an order denying defendant's motion under § 2255.

Defendant contends that he should be allowed to withdraw his pleas of guilty and defend on the merits because 1) the record rather clearly shows the defendant did not understand his pleas of guilty, nor did anyone, apparently, advise him of his possible defenses; and 2) he did not commit a "forgery."

■ We think the record clearly demonstrates defendant did understand that he was pleading guilty to charges couched in the wording of the statute, which charges were read to him in open court and which he also had the opportunity to read and examine before he entered his pleas.

The District Court of the Western District of Wisconsin was willing to grant the request of defendant to have the charges pending against him in Missouri, Kansas and Georgia disposed of before he was sent to prison for the Wisconsin offense. Defendant would thus avoid the dread detainers which would otherwise be facing him upon his release. He also benefited because by this procedure he received a concurrent sentence for the offense committed in Georgia.

Because offenses occurring in different states were being considered, defendant was in court at least upon four occasions, both with and without counsel. He had the advice of counsel throughout the proceedings. The record also shows the great care taken by the District Judge in explaining to defendant the nature of the charges against him.

Court-appointed counsel who now represents defendant on this appeal was not the attorney who represented him below. Present counsel argues defendant was not guilty, as a matter of law, 1) of "transportation" under the statute, and 2) of "forgery" under the statute.

It should be kept in mind that we are here dealing with a collateral attack on judgments of conviction entered after four pleas of guilty. In this record there is not the slightest indication that defendant was imposed upon in any way. With counsel of his own choosing advising him and being at his side when three of the four pleas of guilty were entered, and in view of the Court's patient explanation of the offenses charged, it is certain that defendant well understood why he was in court and the nature of the charges against him.

■ Of course, if from the face of the indictment or informations it can be ascertained that no federal offense was charged, relief should be granted under § 2255. Martyn v. United States, 8 Cir., 176 F.2d 609; United States v. Gallagher, D.C., 94 F.Supp. 640. On the other hand "The test of the sufficiency of the indictment on a motion to vacate a sentence is whether the indictment by any reasonable construction can be said to charge the offense for which the sentence was imposed." Marteney v. United States, 10 Cir., 216 F.2d 760, 762. To the same effect see Byers v. United States, 10 Cir., 175 F.2d 654, 656; United States v. Gallagher, 3 Cir., 183 F.2d 342, and Barnes v. United States, 8 Cir., 197 F.2d 271.

■ In the case at bar, as to the Wisconsin offense, it was charged that defendant, with unlawful and fraudulent intent, transported in interstate commerce a falsely made, forged security, to-wit: a check drawn on the Ohio Citizens Trust Company, Toledo, Ohio, dated May 26, 1958, payable to Gilbert K. Martin and signed by James Lancaster, for the sum of $64.29. To this charge defendant voluntarily and understandingly entered a plea of guilty.

The other informations and the indictment were couched in similar language. None of the four checks was signed with defendant's name either as maker or as payee.

We hold that there is nothing on the face of the indictment or of any of the informations which would indicate that

defendant was charged with anything but a violation of 18 U.S.C.A. § 2314, and such a violation is clearly within the jurisdiction of the courts of the United States. We do not think that the four judgments of conviction based upon pleas of guilty are subject to a collateral attack under 28 U.S.C.A. § 2255.

We are greatly indebted to Mr. John T. Harrington of the Madison, Wisconsin bar, court-appointed counsel, for the services he rendered for the defendant.

Affirmed.