UNITED STATES of America,
Plaintiff,

v.

Robert Earl DEITLE, Defendant.

Robert Earl DEITLE, Petitioner,

v.

UNITED STATES of America.

Crim. Nos. 13790, 13793, 13822, 13824.

United States District Court
W. D. Wisconsin
June 19, 1961.

George E. Rapp, U. S. Atty., for Western Dist. of Wisconsin, Madison, Wis., for the government.

Defendant pro se.

STONE, District Judge.

The defendant-petitioner Robert Earl Deitle is again before the Court *pro se* upon the following document:

"In the United States District Court for the Western District of Wisconsin Madison, Wisconsin

"Robert Earl Deitle,
Petitioner,

-vs-

"United States of America.

"In the Matter of U. S. vs. Deitle
"Criminal Case Nos. 1. 13,790
2. 13,793
3. 13,822
4. 13,824
"(And Hereinafter Following

"On the Mandate of the Supreme Court of the United States of June 27, 1960, Deitle vs. United States, 759 Misc., October Term, 1959

"Motion That the District Judge File a Written Order on the Written Mandate of the Supreme Court of the United States, in Accord with 28 U.S.C. 2255

"Comes now, Robert Earl Deitle, petitioner in the above-entitled cause, and would show the court, to-wit:

"Fact

"This petitioner has never received any written order by the Judge of this Court denying petitioner the relief mandated by the

**366**

Supreme Court of the United States. This petitioner on his own has paid for certified copies of certain records of this Court which petitioner obtained on the 2nd day of May, 1961. He does not find any document signed by the District Judge which denies by findings of fact and conclusions of law the relief sought by this petitioner, that Judgment be vacated and petitioner be discharged to liberty. The records and files, docket entries and transcript made by an unauthorized Court Reporter does show an oral order was made, however, an order of this nature, even if entered by the Court, does not have legal validity or color of law as it fails to bear the signature of the presiding Judge, and the Seal of the United States affixed thereto as prescribed by law.

"Now, therefore, this petitioner having waited until this date to determine whether the Court would sign a written, final order in the case, and the Court not having done so in order that petitioner can proceed with an appeal of any such written order, which in accord with Title 28 U.S.C. Section 2255, must contain written findings of Facts and Conclusions of Law, and there being no such written findings of Facts and written Conclusions of Law served upon this petitioner, this petitioner moves this Court for an order discharging this petitioner to liberty, and the Court refusing that obligation, petitioner then moves this Court for a written order setting forth in accord with 28 U.S.C. Section 2255 *Findings of Fact* and *Conclusions of Law*. Be the motion entered therefore and hereby is.

"Respectfully submitted

"(Signed) Robert Earl Deitle
_____

"Robert Earl Deitle, Petitioner
     Pro Se
"P. O. Box 1200
"Leavenworth, Kansas

"Verification and Affidauit of Service
_____

"State of Kansas            ⎫
                            ⎬  SS.:
"County of Leavenworth      ⎭

"Comes now, Robert Earl Deitle, petitioner in the above-entitled cause, having been first duly sworn in accord with law, deposes and says, To-Wit:

"My name is Robert Earl Deitle, I am an adult citizen of the United States, The statements by me in this entire instrument of two (2) pages anr true and correct.

"I have on the first complete date following caused proper service hereof upon the United States of America by mailing in proper manner a copy hereof to:

"The United States Attorney for the Western District of Wisconsin, at his Office in Madison, Wisconsin, on this 3 day of May, 1961.

"(Signed)  Robert Earl Deitle
          _____
     "Robert Earl Deitle #76112

"Subscribed and sworn to before me this 3 day of May, 1961.

"_____

"UNITED STATES PAROLE
   OFFICER                     "

This is apparently a resurrection or rerun of defendant's former petition, which has served him so well in the past in his efforts to attract the attention of reviewing courts, and to demonstrate to his admiring but limited audience his familiarity with legalistic jargon—as well as his complete disregard for truth or the sanctity of a solemn oath. At any rate, this will be considered in this somewhat extended memorandum as another or perhaps a supplemental petition for relief under Title 28 United States Code § 2255.

It might be noted in passing that heretofore this petitioner has been quite successful in enlisting the sympathies and best efforts of courts of review, in protecting his constitutional rights and in drafting the uncompensated services of

highly capable, ethical and busy practicing attorneys to present his wholly unjustifiable claims of persecution. However, when these ethical attorneys decline to press his chimerical claims, he is prompt to discharge them and to demand his right to continue *pro se,* or to retain other counsel at his own expense when he so desires, despite his repeated affidavits of poverty and inability to obtain funds. This tender solicitude is somewhat surprising, since this defendant is not even a member of any of the minority or juvenile groups in this country whose rights are continuously so zealously asserted and protected. Rather, he is a mature adult native-born citizen with the advantages of two years of college education and with the professed ability to earn an honest living in various fields of skilled and well-paid occupations. However, by his own admissions he has chosen instead the easy life of a petty crook and check artist, preying on the honest and hard-working small tradesmen throughout the country. To this high calling he has devoted his energies and abilities, secure in the belief that a petty forger can always live well from the fruits of his chicanery at the expense of honest citizens; that if he moves fast enough he is almost impossible to apprehend; that if apprehended, as he stated to this Court, he can always make arrangements to pay off the small amount of the particular check involved and thus avoid prosecution and punishment. When, as the culmination of untiring efforts of agents of the Federal Bureau of Investigation and other law enforcement agencies, such an individual is finally apprehended and prosecuted, he can always exercise his abilities as a confidence man and profess religion—after all, some stupid judge may believe his protestations of reform and release him on probation, so what does he have to lose? Even if this act fails, all is not lost—he still has all his problems of livelihood, food, clothing, and shelter provided in an "institution" provided at the expense of honest and law-abiding citizens and presumably dedicated to the rehabilitation of erring humanity. Here he has access to well-stocked libraries and the benefit of learned advice and counsel from many and varied sources, while he is free to devote his best efforts to concocting and circulating to all and sundry his perpetual and continuous perjured pleas for sympathy and compassion.

While this Court now finds as a fact, in the express words of Section 2255 of the statute, that "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief", in the hope of attempting to forestall further impositions on our courts of review, the Court has again carefully examined the complete and voluminous files and records in these actions, from which it conclusively appears:

That the defendant Robert Earl Deitle appeared in open court at Madison, Wisconsin, on June 18, 1958; that he was then advised of his rights, waived the appointment of an attorney to advise with and represent him, and in open court signed written waiver of indictment and consent to prosecution by information charging a violation of 18 United States Code § 2314, in the fraudulent interstate transportation of a false and forged security, a check drawn on the Ohio Citizens Trust Company of Toledo, Ohio, in the sum of $64.29, dated May 26, 1958, payable to Gilbert K. Martin, bearing the purported signature of James Lancaster, which check the defendant had cashed under the alias of Gilbert K. Martin at Woodruff, in the Western District of Wisconsin, on May 26, 1958.

Pursuant to such written waiver of indictment, an information was filed by the United States Attorney on June 18, 1958, charging said offense; on the same date the defendant was arraigned, received a copy of the information, heard the information read, and entered a plea of guilty to the charge contained in said information. Upon the Court being advised by the United States Attorney that other similar charges were being investigated, and with his own consent, the defendant was returned to the custody of

the United States Marshal pending investigation.

Thereafter, on September 9, 1958, the defendant again appeared in open court at Madison, without counsel. The Court was advised by the United States Attorney that other offenses had been discovered: That a complaint was pending in the District of Kansas; as to which the defendant voluntarily in open court executed a written waiver of indictment and request that the matter be transferred to the Western District of Wisconsin for plea of guilty and sentence under Rule 20 of the Federal Rules of Criminal Procedure, 18 U.S.C. Also that a charge was pending in the Western District of Missouri, as to which the defendant also executed in open court waiver of indictment and request for transfer under Rule 20. On this occasion the defendant stated to the Court that he had an attorney representing him, Mr. Burke Flick of Madison, but that his attorney was not present in court on this occasion, by his consent. The defendant was remanded to custody pending return of the information from Missouri.

On October 14, 1958, the defendant appeared in open court at Madison, with his attorney, Mr. Burke Flick, and a Reverend Melvin Nagel, Pastor of the Fundamental Baptist Church of Madison. The transcript of proceedings in open court on that date reveals the following:

The informations in the Kansas and Missouri cases were read, copies were furnished to the defendant, and the defendant entered separate pleas of guilty to each information.

Thereupon the United States Attorney made this statement to the Court:

"Mr. Rapp: To say that this defendant's activities are fabulous and fantastic, your Honor, is putting it mild.

"From the reports that I have received of the investigation by the Federal Bureau of Investigation, this man's activities have covered a substantial part of the United States. He has cashed at least, in his own admission, about $7,000 worth of checks. There have been some car— Dyer Act violations involved. And the fact is that there are presently outstanding, in addition to the ones we have, but which just came to my attention and I have decided that, since we have had this man in our jail here for so long, that it probably would be well to dispose of the pending charges, and not try to get this other one disposed of under Rule 20, because the Rule 20 transfer takes a delay of at least two interchanges of correspondence between the various Districts. There is a Federal indictment, in addition to those pending herein, from Macon, Georgia, returned by a Grand Jury in Macon on 8–8–58, charging a violation of 18 U.S.C.A., 2314—the same type of offense that he is involved in in these cases.

"There are at least two State warrants outstanding in Florida, involving 'No Account' checks. Various matters, violations have arisen in other Districts, and in which the United States Attorneys have declined prosecution.

"For example, in each of these instances one of the reasons that the United States Attorneys in these Districts have declined prosecution is because of their knowledge that there was pending the three charges which are now presently before the Court. However, they did request that the Court's attention be directed to these violations that were committed in their Districts:

"The Southern District of Florida. The Northern District of Florida. The District of Ohio. The United States Attorney at Dallas, Texas, on a Dyer Act violation involving a Cadillac transported from Akron, Ohio, to Dallas, Texas, which I believe was purchased with a fraudulent security. The Northern District of Illinois. The District of Tennessee.

"They, as I say, have all declined, but asked that the Court be made aware of their violations. They were all check violations except the one pointed out as a Dyer Act.

"Now, the subject in some fashion obtained and he liked to use a check blank on the Great Lakes Transportation Company, which to the best of our information is a non-existent company, purportedly having an account in the Ohio Citizens Trust Company at Toledo, Ohio. He, in making these checks, used the name of Gilbert K. Martin; and a substantial number of these checks on that company were for the amount of $64.29.

"He used, however, various aliases, and his check activities were not limited to this Great Lakes Transportation Company blank.

"At the time that he was apprehended he had—well, I would even hesitate to estimate the number of various credit cards and other identification cards, made out in various names, in his possession, that he was using in these check operations.

"The subject has had quite a varied career, dating back to December of 1938 in North Carolina, when he was convicted of auto theft and was sentenced to nine months. In Columbia, South Carolina, in October of '39 he was apparently convicted of grand larceny, and he served six months on that.

"Again in Columbia, South Carolina, in 1942, March, he was convicted of forgery and received a sentence of one year.

"There appear some minor violations that are not of a felony nature.

"The next time that he was fingerprinted was in January 14, of 1952. He apparently was in Tampa, Florida, at that time. It was theft from an interstate shipment. The exact sentence that he received on that is not clear. However, he was in the United States Prison at Atlanta, Georgia, in '52 on a four-year term, apparently.

"In Montgomery, Alabama, in 1956 he was convicted of forgery in the third degree, and sentenced to 140 days.

"I believe that concludes his—with the exception of these various violations here."

The defendant's attorney, Mr. Flick, stated to the Court:

"I say that this man here has voluntarily remained here in the custody of the Government for the primary purpose of trying to get any and all indictments, informations, and what have you brought before the Court, so that this matter could be settled once and for all.

"However, it appears, at least today, that there are other indictments out against this man, which may be used in the future. And I do say that we are up here for one purpose, and one purpose only, and that is to try to get a definite sentence imposed, if necessary. * * *

"The history of Mr. Deitle is not in conformity with what his present actions are. I know that he is married; that his wife recently gave birth to a child.

"I do know that the confinement in the County Jail—confinement in those premises for the period of time that this man has been here, for the ostensible purpose of trying to clear up everything, so that when this is settled, your Honor, that there will not be any ghosts coming up to haunt him in the future."

The Reverend Mr. Nagel, Pastor of the Fundamental Baptist Church of Madison, stated to the Court that he had been active in religious work at the County Jail,—"And I feel that Bob has made a real change of heart."

The defendant made the following statement to the Court:

"Yes, I want to get everything cleared up, and some of these charg-

es that are supposed to be pending, they will be straightened up, without an appearance. Some of them have been straightened up, by paying off the checks, which is a small amount. And the rest of them, I have promised to pay them off, and I don't think that the charges will be brought against me, if they are being paid off in a reasonable time.

"And I would appreciate anything the Court would do in my favor and for my family, as I intend to—what I want to do is go to Seminary next fall. I was asked two years ago in Montgomery, Alabama, by the First Baptist Church to attend a Seminary with expenses paid, but I wouldn't take it because I didn't have my heart right. I had things behind me that wasn't cleared up, and I didn't want any shadow over my future if I did take a step like that. My heart is right, and I feel that's my calling. Thank you very much."

On inquiry by the Court, the defendant stated that he was thirty-eight years of age; that he was born in Pennsylvania; that he was married in January, 1951, to a Jeffrey Dockery in Bartow, Florida, and later divorced; married again in October 1957, to a Ruth O'Neill, in Las Vegas, Nevada, and that his wife was then in Montreal, Canada. He stated that he had had various occupations: Engineer, Diesel engineer, Diesel mechanic, produce broker, and truck driver; that he had two years of college at Pitt University, and his last regular employment was in January, 1957. He further stated that he had been previously arrested and convicted "about four times— one was automobile theft, and interstate shipments, and grand larceny, and liquor law violations"; that he had spent about two and a half years out of the past ten years in prisons and jails.

Upon the foregoing facts and upon his pleas of guilty in the three cases, the Court sentenced the defendant as follows:

In No. 13,790, to custody of the Attorney General for a period of two years.

In No. 13,793, to custody of the Attorney General for a period of two years, to run consecutively with the sentence imposed in case No. 13,790.

In No. 13,822, to custody of the Attorney General for a period of one year, to run consecutively with the sentence imposed in case No. 13,793;

and made the following oral statement to the defendant:

"In all, it is a period of five years. * * * I am imposing that sentence because that may deter the other States and Districts from commencing actions and filing informations against you, which would serve as a detainer against you."

Thereafter, on October 22, 1958, the defendant again appeared in open court at Madison, with his attorney, Mr. Flick. The defendant had previously executed written consent to transfer of case for plea of guilty and sentence under Rule 20 on an indictment returned against him in the Middle District of Georgia. The papers in this case were received by the United States Attorney at Madison before the defendant had been transported to the penal institution, and he was therefore brought into court to dispose of this additional charge, being case No. 13,824 in this Court. The defendant received copy of the indictment, heard it read, and entered a plea of guilty thereto. Upon his plea of guilty he was sentenced to custody of the Attorney General for a period of one year, the term of imprisonment to run concurrently with term of imprisonment of two years previously imposed in criminal case No. 13,-790.

Document No. 6 in the files of this Court pertaining to this defendant is a "Designation of Record to be Furnished in Forma Pauperis, 28 U.S.C.A. 1915." This was filed by the defendant on January 22, 1959, demanding direction

"to the Clerk of the Court of the Honorable Court to furnish the Petitioner with the following records and papers, to-wit;

"1. Judgment

"2. Indictment

"3. Committment

"4. A certified copy of Warrant

"5. Mittimus

"Those said records to be furnished and certified under the seal of this court in Forma Pauperis, to the statute Title 28, U.S.C.A. Section 1915."

These certified copies were prepared and furnished pursuant to this request.

Document No. 7, filed June 5, 1959, is petitioner's

"Motion for Hearing with Presence of Petitioner and Motion to Vacate and Set Aside the Judgment of Conviction and Sentence in the Above Styled Cause and for Discharge from the Mittimus.

"To: The United States District Court, Madison, Wisconsin

"Comes now the defendant, Robert E. Deitle, a citizen of the United States of America by birth, of legal age, and unlearned in law hereinafter referred to as the Movant in the above styled cause, and respectfully moves this Honorable Court— under authority of Title 28, United States Code, Section 2255—to grant a hearing with Movant present, to consider, adjudicate, and vacate or set aside the judgment of conviction of violation of Section 2314 Title 18, United States Code. The aforesaid sentence, conviction and mittimus being in direct violation of this Movant's constitutional rights as is guaranteed by the *Fourth, Fifth* and *Fourteenth* amendments of the Bill of Rights of the Constitution of the United States of America. Under authority of Section 2255, Title 28, United States Code, this motion raises facts and points of due process of law, and if Section 2255, Title 28, United States Code is to be effective in this instance a hearing in open court with Movant present must be held."

Attached are several pages of "Facts", "Argument", "Statement of Facts on Forgery", "Compendium", "Support", "Summation of Forging", "Statement of Facts concerning Interstate Transportation", and "Conclusion". Also attached are a "Petition for Writ of Habeas Corpus Ad Testificiandum", with headings of "Jurisdiction" and "Affidavit"; also "Avfidavit Motion for Leave to Proceed in Forma Pauperis", and "Oath of Verification".

Thereafter, on June 9, 1959, this Court entered its Order granting defendant's motion for hearing, setting the matter to be heard at Madison on June 16, 1959, at 9:30 A.M.; granting permission to proceed *in forma pauperis,* and denying petition for writ of habeas corpus *ad testificandum;* copy of the Order to be served by mail on Mr. Burke Flick, attorney for defendant, on the defendant, and on the United States Attorney. Certificate of the Clerk of due service of copies on June 10, 1959, appears in the file.

On June 16, 1959, the defendant filed his "Motion for Oral Argument", addressed to the presiding Judge of this Court, as follows:

"Comes now, Robert E. Deitle, petitioner in the above styled cause, and move this Honorable Court to grant a motion for oral argument and issue an order to produce the petitioner herein before this Honorable Court, so that he can argue his cause oraly

"1. Petitioner states, and claims that oral argument is necessary as there are facts in the case that only petitioner can properly prove in his cause.

"2. Petitioner does not have counsel, and any counsel appointed by the Honorable Court to represent him in his cause will not have ample facts or time to study, and properly present his cause to the Honorable Court.

"3. The original petition calls for presence of petitioner.

"4. Petitioner's original motion was not briefed by the United States District Attorney.

"Petitioner believes in this Honorable Court and that he has a meritorious cause, and prays that the Honorable Court herein will set a new date for a hearing, and will also issue an order to the proper authority to produce petitioner in open court, and enable him to present argument in his own behalf. For this above your petitioner will ever pray.

"Respectfully submitted
"Robert E. Deitle, Petitioner."

Duly subscribed and sworn to.

The matter came on for hearing before the Court at Madison on June 16, 1959, pursuant to previous Order. The motion for oral argument and for production of the petitioner in open court was denied, and the hearing was held in his absence. The United States Attorney produced as witnesses Joseph S. Walker, Eldon J. Mueller, and Arthur F. Baier, Special Agents of the Federal Bureau of Investigation, who were each duly sworn and testified fully as to the facts and circumstances in connection with the arrest of the defendant and their investigation of the case. Upon their testimony, on June 23, 1959, this Court filed its written Findings of Fact and Conclusions of Law, being Document No. 14 in the file, upon which Findings and Conclusions it was ordered:

"The motion of Robert E. Deitle to vacate and set aside the judgments and sentences in the above cases is denied."

Document No. 15 in the file is defendant's Notice of Appeal to the United States Court of Appeals for the Seventh Circuit, filed on July 2, 1959; accompanied by his affidavits of poverty and request for authority to appeal *in forma pauperis*. The defendant states in his Notice:

*"Concise Statement of Judgment or Order:* Order appealed from Document No. 14 Dated June 23, 1959, over the signature of Honorable Patrick L. Stone, United States District Judge, contrary to the meaning of Section 2241, 1651, 2255, Title 28 U.S.C., contrary to Section 2314, Title 18 U.S.C., contrary to what is right and fair and just, as in U. S. vs. Morgan, 2. Cir. 202 F.2d, 67, 68. (Mitchell vs. U. S., 8593, 8547 U.S. Chapp.D.C. [78 U.S.App.D.C. 171, 138 F.2d 426].) (Greathouse v. United States [4 Cir.], 170 F.2d, 512, 515), Yates v. United States [354 U.S. 298, 77 S.Ct. 1064, 1 L.Ed.2d 1356]. The judgement should be overruled and valid justice affirmed by reversing decision."

Document No. 17 is an Order of this Court, filed July 17, 1959, authorizing prosecution of said appeal *in forma pauperis* and directing the official court reporter to prepare and file stenographic transcript of the proceedings of June 16, 1959, for purposes of such appeal.

The transcript was duly filed and the appeal perfected. The Court of Appeals appointed Mr. John T. Harrington, a highly qualified and experienced attorney of Madison, to represent the defendant on his appeal. On January 25, 1960, after full hearing, the Circuit Court of Appeals affirmed the judgment of this Court and dismissed the appeal. United States v. Deitle, 7 Cir., 274 F.2d 117.

Defendant promptly appealed to the United States Supreme Court.

On June 27, 1960, 364 U.S. 284, 80 S.Ct. 1622, 4 L.Ed.2d 1720, the United States Supreme Court entered the following order:

"On Writ of Certiorari to the United States Court of Appeals for the Seventh Circuit.

"This Cause came on to be heard on the transcript of the record from the United States Court of Appeals for the Seventh Circuit, and was duly submitted.

"On Consideration Whereof, It is ordered and adjudged by this Court that the judgment of the said United States Court of Appeals, in this cause, be, and the same is hereby, vacated; and that this cause be, and the same is hereby, remanded to the United States District Court for the Western District of Wisconsin for a hearing at which petitioner should be present."

This Mandate was filed in this Court on July 27, 1960, as Document No. 20.

As Document No. 19, filed on July 11, 1960, the defendant filed the following Petition:

"Comes now Robert Earl Deitle, Petitioner, in the above-captioned matter and to the Court:

"On the 27th day of June, 1960, the Supreme Court of the United States in the case of Deitle-vs-U. S. No. 759 Misc., October Term, 1959, entered the following order and direction, to wit:

" 'Per Curiam.

" 'The motion for leave to proceed in Forma Pauperis for writ of certiorari are granted. The judgment is vacated and the case is remanded for a hearing.'

"Now, therefor, and in accord therewith Petitioner hereby moves that this Court.

"(1) Execute the necessary process to have Petitioner's person returned for a due process of law hearing;

"(2) That Petitioner's witnesses, which he will name upon notice of the date set for hearing, be brought fourth to testify under oath;

"(3) That the Court appoint Petitioner the assistance of legal counsel to assist the Petitioner, with the understanding that Petitioner having been previously deserted by appointed counsel and having to go alone into the Supreme Court and remand this case he ought not now be required to surrender his own oral-services in the Court by gag

(he moves for complete legal assistance, together with himself, to prosecute his cause); and,

"(4) That Petitioner's papers in his possession at the time he leaves the U. S. Penitentiary at Leavenworth, Kansas, be not inspected by any person in the District of Wisconsin, unless Petitioner be personally present at all times during said inspection (Petitioner has his case ready and the government should not be permitted to unfairly obtain copies of his papers and effects).

"Wherefor, the forgoing duly considered be the motion and hereby is therefor.

"Respectfully submitted
"(Signed) Robert Earl Deitle
"Robert Earl Deitle, Petitioner."

With accompanying affidavit of Verification and Proof of Service on the United States Attorney.

The following Order was thereupon entered by this Court on August 24, 1960:

"That the above-entitled matter be and it is hereby set for hearing at Wausau, Wisconsin, on the 13th day of September, 1960, at 2:00 o'clock in the afternoon, and that the Warden of the United States Penitentiary at Leavenworth, Kansas, is directed to produce said defendant at said place on the 12th day of September, 1960, to permit defendant to confer with his counsel, Stuart G. Gullickson, appointed by this Court.

"It Is Further Ordered that Stuart G. Gullickson of Wausau, Wisconsin, be and he is hereby appointed as counsel to represent said defendant at said hearing."

Certified copies of this Order were duly served by the Clerk.

On September 1, 1960, the defendant filed as Document No. 23 in the files of this Court his written Motion, as follows:

"Motion for Subpoena of Witnesses; Motion for Hearing within the Place of Conviction and for Dis-

qualification of U. S. District Judge Patrick T. Stone for Reason of Bias and Prejudice.

"Comes now Robert Earl Deitle, petitioner in the above entitled cause, to wit:

"1. The petitioner has on the 27th day of August, 1960, received an order of U. S. District Judge Patrick T. Stone ordering that the Warden produce the petitioner at Wausau, Wisconsin on the 13th day of September, 1960, at 2:00 o'clock in the afternoon and that petitioner be produced some 12 (twelve) hours or so ahead of time to permit petitioner to confer with a counsel the said judge has appointed.

"2. The Supreme Court of the United States on the 27th day of June, 1960, vacated the judgment of the District Court and itself sent to the District Court a certified copy of that mandate.

"3. Petitioner, on the 8th day of July 1960, moved the District Court to comply with the Supreme Court Mandate. The District Court has ignored the provisions of the motion of the petitioner.

"4. The petitioner was sentenced in Madison, Wisconsin, and it was in Madison, Wisconsin, that the court held its meeting and denied this petitioner his Constitutional Right to a due process of law hearing. The fact is in Madison, Wisconsin, and it is there that petitioner moves that the hearing be held.

"5. Petitioner, appends hereto his affidavit under Title 28 U.S.C. Sec. 44, disqualifying U. S. District Judge Patrick T. Stone from proceeding any further in this case; and having filed the said affidavot, which is incorporated at this point as if stated in full, petitioner, hereby moves that another judge be assigned by lots to hear this case and to hear it in the place of conviction (28 U.S.C. 2255 and Sec. 144).

"6. Producing petitioner, prior but one day before the hearing the following day can be no concept of fairness. Petitioner, asks for sufficient time to have counsel talk with each of his witnesses prior to the hearing.

"7. Petitioner, hereby list and moves that following persons be produced at the hearing on the matters, with all files and records or other information pretaining to this matter and same being offered as evidence.

"1. Alide Carter, Clerk Villas County Court, Eagle River, Wisconsin, D/T all transcript and certified records of the Villas County Court and the record of arrests and bookings from May 1st to July 1st 1958 in the Villas County Jail.

"2. Wally Sifert, Ex-Sheriff Villas County, Eagle River, Wisconsin.

"3. H. C. Walter, Ex-under-Sheriff Villas County, Eagle River, Wisconsin.

"4. Edmund H. Drager, Attorney at law, Eagle River, Wisconsin.

"5. Joseph S. Walker, Agent, Federal Bureau of Investigation, D/T.

"6. Thomas F. Medden, Deputy U. S. Marshal.

"7. Robert J. Schmidt, U. S. Commissioner, Madison, Wisconsin.

"8. George E. Rapp, U. S. Attorney.

"9. John E. Noland, Deputy U. S. Marshal.

"10. Lucile M. Alstad, Clerk U. S. District Court D/T certify and produce all records.

"11. John Adams, Court Reporter, U. S. District Court.

"12. Otis Lund, Deputy Sheriff, Dane County, D/T produce records of arrests and booking from May 1st to July 1st, 1958, in the Dane County Jail, Madison, Wisconsin.

"13. William Keys, Deputy Sheriff, Dane County

"14. Frank Oliva, Deputy Sheriff, Dane County

"15. Eldon J. Mueller, Agent, Federal Bureau of Investigation.

"16. Arthur F. Baier, Agent, Federal Bureau of Investigation.

"17. Mildred Jenkins, 205 S. Maple St. Lebonan, Tenn.

"18. Charles H. Thompson, U. S. Commissioner, Kansas City, Missouri.

"19. Miles Hughes, Sergeant City Police, Wausaw, Wisconsin. D/T produce jail record of arrests and bookings from May 1st to July 1st, 1958 at the City Jail Wausaw, Wisconsin.

"20. Raymond E. Erdmon, Inspector of Police, Wausaw, Wisconsin.

"21. Reverand Melvin Nagel, 3913 Anchor Dr., Madison Wisconsin. (Address may not be correct)

"22. Frank W. Carter, Villas County Judge, Eagle River, Wisconsin.

"Petitioner, further says to the court, same covered by his verification hereof, that he is a poor person in the true sense and meaning of Title 28 U.S.C. Sec. 1915, and he is without funds with which to pay the cost and fees of the aforesaid witnesses; that said witnesses are necessary to a fair, due and orderly disposition of this cause; that he is an adult citizen of the United States; and that he is positive he has just cause for relief as the said witnesses will demonstrate after a fair and due-process hearing upon the issues. (80 S.Ct. 1622.)

"Conclusion

"The Supreme Court of the United States did not remand this case for a show of form, it remanded this case for a sound, fair and due process hearing—based upon the full tradition of judicial proceedings, which also means fair notice and fair opportunity. Accordingly petitioner's motions shall be granted in their entirety.

"Respectfully submitted,
"(Signed) Robert Earl Deitle
"Robert Earl Deitle, Petitioner

"State of Kansas
"County of Leavenworth $\Big\}$ SS.

"Verification, Affidavit of Prejudice, Affidavit in Forma Pauperis, and Proof of Service:

"Comes now Robert Earl Deitle, Petitioner, in the above entitled cause, having been first duly sworn in accordance with the law, and upon his oath deposes and says, to-wit:

"1. The preceding 3 pages hereof are adopted herein and incorporated as if stated in full.

"2. The foregoing statements and the following statements by me made are true and correct.

"3. I invoke Title 28 U.S.C. Sec. 144. My fact and reason are that I am positive that the said U. S. District Judge, Patrick T. Stone has a personal and long continuing bias against me and that before him I cannot obtain the fair, due, and orderly hearing intended by the Mandate of the Supreme Court of the United States. Judge Stone demonstrated his bias and prejudice against me and in favor of the United States at the so-called 'hearing' he conducted on the 16th day of June, 1959; and of which I alone had to go into the Supreme Court of the United States of America and remand. On the 27th day of June, 1960, at the socalled 'hearing' Judge Stone willfully, knowingly and inattentionally violated my Constitution Rights to due process of Law guaranteed me by the Fifth Amendment to the Constitution of the United States, (see Deitle -vs- U. S., 80 S.Ct. 1622). Said judge has ignored paragraph 4 of my motion filed on the 8th Day of july, 1960. He has demonstrated a bent of mind in addition to the foregoing by giving me a part of a day to confer with a

court appointed counsel prior to a 'hearing' he has in mind off in the wilderness—far removed from the seat of the facts and the place of conviction. Petitioner does not believe Judge Stone, because of said bias and prejudice would do justice. Accordingly I invoke my right under Title 28 U.S.C. Sec. 144, and U. S. District Judge Patrick T. Stone, is to proceed no further herein, but another U. S. District Judge is to be assigned by the drawing of lots. Berger -vs- U. S., 255 U.S. 22 [41 S.Ct. 230, 65 L.Ed. 481]; Johnson -vs- U. S. [9 Cir.], 35 F.2d 355; and Morse -vs- Lewis [4 Cir.], 54 F.2d 1027, Crt. denied 286 U.S. 557 [52 S.Ct. 640, 76 L.Ed. 1291].

"5. I have on the 29th day of August 1960, handed these papers to prison officials for typing.

"6. I have on the first complete date hereof executed this document and caused a service copy hereof to be mailed to the United States Attorney at Madison, Wisconsin. And a service copy to appointed counsel Stuart G. Gullickson, Attorney at Law at Wausaw, Wisconsin.

(Signed) "Robert Earl Deitle
"Robert Earl Deitle"

This document was subscribed and sworn to by the petitioner before the United States Parole Officer on August 30, 1960.

On September 3, 1960, this Court entered its written Order and Memorandum Decision, appearing in the files as Document No. 24, denying the motions above set forth, for the reasons stated in its Memorandum Decision.

Thereafter, on September 13, 1960, the United States Attorney filed herein as Document No. 25 a Notice to the defendant that:

"the following persons have either been subpoenaed by the Government or are available to you and your counsel:

"H. C. Wolter, Former Undersheriff of Vilas County, Wisconsin.

"Joseph S. Walker, Special Agent, Federal Bureau of Investigation.

"Eldon J. Mueller, Special Agent, Federal Bureau of Investigation.

"Arthur F. Baier, Special Agent, Federal Bureau of Investigation.

"John E. Nolan, U. S. Deputy Marshal.

"Robert J. Schmidt, U. S. Commissioner, Wausau, Wisconsin.

"Lucille M. Alstad, Clerk of U. S. District Court, Western District of Wisconsin.

"George E. Rapp, U. S. Attorney, Western Districct of Wisconsin.

"Thomas Madden, U. S. Deputy Marshal.

"In addition to the above, a certified copy of entries in the Criminal Docket of Vilas County Court in re: State of Wisconsin versus Gilbert Martin, on June 2, 1958 and June 4, 1958, are available."

Copies of the foregoing Documents Nos. 24 and 25 were duly mailed to the defendant.

Writ of Habeas Corpus was issued by this Court on August 30, 1960, directed to John C. Taylor, Warden, United States Penitentiary, Leavenworth, Kansas, directing him to produce Robert Earl Deitle before the Court at the Federal Court House in Wausau, Wisconsin, on September 12, 1960, at 10:00 o'clock in the forenoon, and at hearing to be held at Wausau on September 13, 1960, at 2:00 o'clock in the afternoon. The writ was duly executed, as shown by the Return of the United States Marshal thereon, as follows:

"The within named defendant, Robert Earl Deitle, was taken into custody on September 8th at Leavenworth Federal Prison. On September 9th, 1960, said defendant was confined to the Dane County Jail, Madison, Wis. Further, on September 12, 1960, said defendant was transported to Wausau, Wisconsin."

Additional returns attached to the Writ show that the defendant Deitle was duly

returned to Leavenworth Penitentiary following the hearing of September 13, 1960, by United States Marshals, "Travel: $109.40".

Correspondence in the file shows that the complete file was mailed to Mr. Stuart G. Gullickson on August 25, 1960, following his appointment to appear for and represent the defendant at the hearing set for September 13, 1960.

At this point it might be noted that Wausau is the county seat of Marathon County; that by the official 1960 United States Census it had a population of 31,943; and it is not, as contended by petitioner, "a remote hamlet in the wilderness". It has been the residence of the presiding Judge of this Court for many years, and has been established by Act of Congress as one of the places where regular sessions of the United States District Court for this District shall be held. (28 U.S.C. § 130(b).) A regular term of this Court was in session at Wausau at the time, and in order to give petitioner the prompt hearing he demanded the matter was placed on the regular Wausau calendar.

This matter came on for hearing before the Court at Wausau, Wisconsin, on Tuesday, September 13, 1960, at 2:00 o'clock in the afternoon pursuant to prior Order of the Court. In the unavoidable absence from the courtroom of the official court reporter at said time, the hearing was by an order of this Court authorized to be and was reported by a competent and experienced court reporter, the regularly-selected and employed assistant of the official reporter, whose employment and competency had been previously fully approved by the Court. Petitioner raises no question as to the absolute accuracy of the reporting or of the transcript thereof. The complete Transcript of the Proceedings at that hearing, certified by the official court reporter of this Court, is as follows:

"In the United States District Court
"For the Western District of Wisconsin

"United States of America,
Plaintiff,
-vs-
"Robert Earl Deitle,
Defendant.

Criminal No. 13,790.
Criminal No. 13,793.
Criminal No. 13,822.
Criminal No. 13,824.

"Transcript of Proceedings

had at a hearing held in the above-entitled criminal actions, in said Court, sitting in the United States Court House in the City of Wausau, in said Western District and State of Wisconsin, the Honorable Patrick T. Stone, Judge, presiding, on Tuesday, the 13th day of September, 1960, commencing at the hour of 2:00 o'clock in the afternoon.

"Appearances:

"Hon. George E. Rapp, United States Attorney, Attorney for plaintiff.

"Mr. Stuart G. Gullickson,
Attorney at Law,
Wausau, Wisconsin, Attorney for defendant.

"The defendant, Robert Earl Deitle, was also present in person.

"The Clerk: The United States of America versus Robert Earl Deitle.

"The Court: You may proceed.

"Mr. Rapp: If it please the Court, I would like to make a short statement here at the outset.

"I would like to refresh the Court's memory on the fact that

this matter is based upon a petition filed by the defendant, Robert Earl Deitle, in Criminal actions numbers 13,790, 13,793, 13,822, and 13,824, all numbers referring to numberings by the Clerk of the Court of the Western District of Wisconsin.

"The initial petition or motion of the defendant was to vacate and set aside the judgment, for a hearing with the presence of the defendant, and also a motion for writ of habeas corpus ad testificandum.

"In the initial proceedings held in the matter, a hearing was accorded to the defendant on the 16th day of June, 1959, at Madison, Wisconsin. The motion for a hearing with the presence of the defendant having been denied, the Court proceeded ex parte, at which time the Government produced certain witnesses; as a result of which the Court entered an order denying the petition to vacate and set aside judgment.

"Subsequently the defendant Robert Earl Deitle, appealed to the Circuit Court of Appeals. The Court appointed counsel, John Harrington of Madison, to represent him, and he filed a brief with the Circuit Court of Appeals.

"The Circuit Court of Appeals affirmed the decision of this Court denying the motion, and at a later date the defendant appealed to the Supreme Court. The mandate of the Supreme Court was to remand the cause to this Court for a hearing with the presence of the defendant.

"Subsequently, upon motion, the Court ordered the hearing at this time, and appointed Mr. Stuart G. Gullickson as attorney for the defendant.

"The defendant is present in court, having been transported here from Leavenworth Prison on a writ of habeas corpus. The Court-appointed counsel is present in court, and we are ready to proceed.

"The Court: You may proceed, Mr. Deitle.

"Mr. Deitle: First, your Honor, may we have a court reporter to take this down?

"The Court: I want to say to you now, Mr. Gullickson is an outstanding attorney in our State, and he has been appointed as your attorney. He is available in court now for your services.

"Mr. Deitle: Well, your Honor, I want to have a court reporter so I can have a record—

"The Court: Step up here.

"Mr. Deitle: I am not questioning Mr. Gullickson's ability—

"The Court: Speak up.

"Mr. Deitle: (Continuing)—I am not questioning Mr. Gullickson's ability to represent me in this case. He is—do we have a reporter taking this down?

"The Court: The reporter is present. Proceed.

"Mr. Deitle: I want to have this go on the record.

"The Court: Everything that is said in this court is recorded. There is a reporter making a record of anything that is said in this court at any time. Proceed.

"Mr. Deitle: I don't want to question Mr. Gullickson's ability; but he has refused to represent the legal aspects of the case that I want brought before the Court; and therefore I have retained Mr. John Riley of Madison, Wisconsin, to represent me as counsel.

"The Court: Is he in court?

"Mr. Deitle: No. I didn't retain him until late yesterday afternoon, and due to a previous matter he couldn't be here. I can't go ahead without him; and as for Mr. Gullickson, I am not accepting him.

"The Court: Your attorney, Mr. Riley, is not here?

"Mr. Deitle: No, he can't be here today, so I want—

"The Court: You conferred with Mr. Gullickson yesterday, and he is available and ready to proceed in court. If you don't want him to represent you, you don't have to have counsel, you may proceed. We are not going to wait for Mr. Riley; we are going to proceed now.

"The burden is on you to prove the allegations in your petition. The witnesses are available here, and the Government is here attending.

"Mr. Deitle: There is a moral and legal aspect to the case. I have been confined in the penitentiary, and there is a lot of things I can't do at the right time, and so on. There are a lot of proceedings I have got to go through, and now I don't think the Government should take unfair advantage—

"The Court: The Government is not taking unfair advantage. You are in the court of justice that you petitioned for a hearing. You are now here, and you have an able lawyer present to assist you.

"Mr. Deitle: I can't accept him.

"The Court: I suggest you proceed.

"Mr. Deitle: Then I would proceed under protest.

"The Court: You can proceed under protest, or any way you wish. The Court is assembled at large expense at your request.

"Mr. Deitle: I ask for a continuance.

"The Court: The motion for continuance is denied. You have been brought here at great expense to the Government. We have the witnesses that you called for, here in Court. The Government has brought in—how many witnesses, Mr. Rapp?

"Mr. Rapp: Well, at my request there are—there are two under subpoena, your Honor.

"The Court: How many witnesses are present here at the expense of the Government?

"Mr. Rapp: There are one, two, three, four—five, your Honor.

"The Court: And some are here from Superior and Eagle River?

"Mr. Rapp: Yes, your Honor— plus myself and Mrs. Alstad.

"The Court: There will be no continuance. Proceed with your case.

"Mr. Deitle: But, your Honor, I have no friends here. I am in a hostile court. I can't go on here.

"The Court: You have witnesses that you called for.

"Mr. Deitle: I don't have my witnesses or my counsel.

"The Court: You proceed with the witnesses you have called for here. The witnesses are here available, and you can now proceed with those that you have.

"Mr. Deitle: I want to please remind the Court right here that the Supreme Court recognized my position, and therefore they remanded this case—not for a show of form—

"The Court: You are here pursuant to the mandate of that Court. You are present, and the time was set—we have had this set for about two weeks. You are here, and you were here yesterday to confer with the attorney. We are ready to proceed, and there will be no further delay.

"Mr. Deitle: I don't wish to proceed any further—

"The Court: What is that?

"Mr. Deitle: I don't wish to proceed. This is a kangaroo court. I want to go on record that I protest this proceeding, strenuously and vigorously, without my legal representation that I have retained through friends. He agreed to represent me, and expressed an interest in this case; and therefore I will be throwing away my right. I can't represent myself.

"The Court: Let me say to you that you were treated kindly by this Court—

"Mr. Deitle: The Court is prejudiced.

"The Court: Just a minute. I am talking, and you listen.

"When you came into the court, you were indicted, and you asked the Court to permit you to remain in Madison until the other indictments were brought in to prosecute, or until they were disposed of. The Court allowed you to do that; and what the Court should have done, possibly, was to let the other Districts bring you back to those Districts and prosecute you there. But we tried to be fair and considerate and give you a chance to dispose of your case.

"Now we will proceed with the case. Do you have anything to offer in support of your case?

"Mr. Deitle: I can't proceed under this—well, I will let the Supreme Court decide. I can't proceed in this Court.

"The Court: Your petition is denied.

"The Marshal will take him back to the prison from which he came.

"We will take a recess.

"(The Court stood at recess, and the defendant Deitle was removed to the Marshal's office in the custody of the Marshal. Shortly thereafter the Court and Mr. Rapp entered the Marshal's office and the following further proceedings were had in the presence of the defendant:)

"Mr. Rapp: I would like to point out to the Court that at this time there is no indication that Mr. Deitle's remarks with reference to the employment of counsel are true. Mr. Riley, who the defendant alleges has been employed as counsel, has not contacted my office, and I am advised he has not contacted the Court or the Clerk to register his appearance; nor has he asked for a continuance, or in any fashion represented this defendant.

"The Court: The record will so show.

"Take this for the Clerk's record:

"Defendant's motion for continuance was denied, and defendant was directed to proceed with his proof of the allegations set forth in the petition. This defendant refused to offer any testimony, and the Court finds no constitutional right of the defendant has been violated, and that the judgment heretofore entered on the pleas of guilty is valid.

"That is all.

"(The above and foregoing were all of the proceedings had on the hearing in the above-entitled matter at this date.)

"Certificate

"I, John R. Adams, official court reporter for the United States District Court for the Western District of Wisconsin, hereby certify that I was present in said Court during sessions thereof held in the City of Wausau, in said Western District and State of Wisconsin on Tuesday, the 13th day of September, 1960; that during my temporary absence from the courtroom on official court business the proceedings in the above-entitled matter were reported by a competent and experienced assistant reporter employed by me, and thereafter transcribed into typewritten form; that the above and foregoing is the official transcript of all of the proceedings had on the hearing of said matter at said time and place.

"Dated at Madison, Wisconsin, this 1st day of October, 1960.

"(signed) John R. Adams
"Official Court Reporter."

Said order was accordingly entered on the Clerk's docket and journal, and the defendant was returned to Leavenworth Penitentiary. His latest petition, above set forth, is the result.

The many motions, petitions and appeals of this defendant, and the resultant hearings and actions, which have deprived this Court and the reviewing Courts of much valuable time which otherwise could and would have been devoted to important, worthwhile and pressing litigation of others before this Court, have been set forth in considerable detail for the edification and enlightenment of whatever reviewing Courts may see fit hereafter to give further consideration to defendant's never-ending claims that some of his constitutional rights have been impinged upon in some unstated and wholly imaginary manner.

At the appropriate time, the confused thinking and persecution complex so evident from defendant's various motions and petitions might well be carefully studied by the parole authorities in connection with defendant's past record and institutional behavior, in deciding whether such an individual has been or can be sufficiently rehabilitated to be able to resume a place in society prior to the expiration of the full term of the very lenient sentences which were originally imposed in these cases.

Upon full (and repeated) hearings upon defendant's petition, upon careful examination and consideration of all of the files and records herein, and pursuant to the provisions of Title 28 United States Code § 2255, the Court, being fully advised in the premises, makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact:

1. That the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.

2. That due notice of this motion was given by the defendant by mailing a copy of his motion to the United States Attorney for this District, as stated on the face of his motion.

3. That there is no reason that requires the production of the prisoner at the hearing on his frivolous motion.

4. That this Court was established by Act of Congress and as such has exclusive jurisdiction of prosecutions of the offenses here involved.

5. That the defendant Robert Earl Deitle was convicted upon his separate and individual pleas of guilty to separate informations and an indictment, each charging a violation of Title 18 United States Code § 2314, an offense punishable by fine of not more than $10,-000 or imprisonment for a term of not more than ten years, or both.

6. That upon such convictions he was legally sentenced by this Court to the custody of the Attorney General of the United States for imprisonment for consecutive terms of two years, two years, and one year, and a concurrent term of one year, respectively, and is now serving said sentences.

7. That the sentences so imposed were not in violation of the Constitution or laws of the United States.

8. That the Court had jurisdiction to impose such sentences and each of them.

9. That the sentences were not in excess of the maximum authorized by law, but were in fact far less than the maximum sentences authorized in each case.

10. That the sentences were not and are not now in any manner subject to collateral attack.

11. That this Court has previously fully heard and determined a motion for similar relief on behalf of this prisoner, has filed complete Findings of Fact and Conclusions of Law thereon, and has denied the relief sought.

12. That the defendant, while represented and advised by competent counsel of his own choice, readily entered pleas of guilty to each of the offenses of which he stands convicted.

13. That the defendant has never at any time, in all his multifarious, frivolous and scandalous motions, petitions, appeals and appearances in this and other Courts, claimed or asserted that his pleas of guilty were not knowingly and voluntarily entered, or that he was not in fact guilty of the crimes of which he stands convicted, and of many more

as to which he has successfully evaded prosecution and punishment.

14. That the full hearing granted and held at Madison, Wisconsin, on June 16, 1959, upon the sworn testimony of the numerous witnesses produced and examined, conclusively proved that the scandalous insinuations and reckless charges contained in defendant's "Motion" filed June 5, 1959, were completely false and without any foundation in fact.

15. That defendant has subjected the Government to enormous needless expense in furnishing records *in forma pauperis,* in subpoenaing and producing witnesses for needless hearings; in conveying defendant from prison to the place of hearing demanded by him; in furnishing secretarial services to him in the penal institution, and providing him with spending money while away from prison for such hearing; and far greater expense of time wasted by the various Courts in considering his frivolous and wholly groundless motions, petitions, and appeals.

16. That defendant received a full and fair hearing on each of the crimes charged, and to which he knowingly and with advice of competent counsel entered pleas of guilty.

### Conclusions of Law:

1. That this Court had and has full and complete jurisdiction to hear and determine the charges against the defendant.

2. That defendant received a full and fair hearing on each of the crimes charged against him, and to which he knowingly and with advice of competent counsel of his own choice entered pleas of guilty.

3. That none of defendant's rights have been violated by his arrest, detention, court appearances, arraignments, or sentences.

4. That the sentences imposed upon the defendant were fair and just, and were not imposed in violation of the Constitution or of any law of the United States.

5. That the sentences imposed were not in excess of the maximum authorized by law.

6. That the sentences imposed were not at the time of imposition and are not now subject to collateral or other attack for any reason whatever.

7. That defendant is lawfully imprisoned under valid sentences of this Court.

8. That defendant is entitled to no relief from the sentences heretofore imposed by this Court.

It Is Therefore Ordered and Adjudged: That each and all of defendant's motions and petitions heretofore filed herein be and they hereby are Denied.