Robert Earl DEITLE, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 13477.

United States Court of Appeals Seventh Circuit.

April 27, 1962.

Robert Earl Deitle, petitioner-appellant, pro se.

George E. Rapp and N. S. Heffernan, U. S. Attys., W. D. Wisconsin, Madison, Wis., for respondent-appellee.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and KILEY, Circuit Judges.

HASTINGS, Chief Judge.

This is an appeal from an order of the United States District Court for the Western District of Wisconsin, Honorable Patrick T. Stone, presiding. Such order denied defendant's motion of June 5, 1959, filed pursuant to 28 U.S.C.A. § 2255, to vacate judgments.

The motion challenged the validity of four judgments of conviction entered on pleas of guilty to three informations and one indictment charging defendant with violations of 18 U.S.C.A. § 2314 (causing forged securities to be transported in interstate commerce with unlawful or fraudulent intent).

Petitioner, Robert Earl Deitle (defendant), prosecuted this appeal *pro se* and was not present in court or represented by counsel at the time fixed for oral argument. He did not request appointment of appellate counsel. We ordered the appeal submitted on the record and briefs of both parties, without oral argument.

The district court first entertained defendant's motion to vacate the judgments in question on June 16, 1959, without requiring defendant to be present. After a hearing in defendant's absence, the motion was denied. On appeal to this court, the order of the district court was affirmed. United States v. Deitle, 7 Cir., 274 F.2d 117 (1960).

The opinion of this court in the first appeal fully sets out the background of this proceeding up to that time. We adopt it by reference and shall not repeat it here.

On June 27, 1960, the Supreme Court in a *Per Curiam* order granted petitioner's *pro se* motion for leave to proceed *in forma pauperis* and granted his petition for writ of certiorari. The Court ordered: "The judgment is vacated and the case is remanded to the District Court for a hearing at which petitioner should be present." Deitle v. United States, 364 U.S. 284, 80 S.Ct. 1622, 4 L.Ed.2d 1720 (1960).

A certified copy of the order of remandment by the Supreme Court was filed in the district court on July 27, 1960.

On August 24, 1960, the district court entered a written order in this case setting defendant's Section 2255 motion for hearing in such court at Wausau, Wisconsin, on September 13, 1960, at 2:00 o'clock p. m.; appointing Mr. Stuart G. Gullickson, a reputable member of the Wisconsin bar, as counsel to represent defendant at said hearing; and directing the Warden of the United States Penitentiary at Leavenworth, Kansas "to produce said defendant at said place on the 12th day of September, 1960, to permit de-

fendant to confer with his counsel, Stuart G. Gullickson, appointed by this Court."

Certified copies of this order were mailed to defendant and the warden, together with an appropriate writ of habeas corpus. Defendant received his copy of the order on August 27, 1960.

■ On September 1, 1960, defendant, acting *pro se* and without advice of his court appointed counsel, filed a written motion (1) protesting setting the hearing at Wausau, Wisconsin and moving that it be held in Madison, Wisconsin where he was originally sentenced; (2) moving the disqualification of Judge Stone on account of alleged bias and prejudice against him; and (3) moving that 22 named witnesses be subpoenaed as witnesses at the hearing and that four of them produce voluminous records of which not one of such witnesses was the legal custodian.

On September 3, 1960, the district court entered a written order denying the motion *in toto* and filed a memorandum decision in support of its ruling.

We have carefully examined such motion and the ruling thereon and hold that the district court did not abuse its discretion in so ruling. The Western District of Wisconsin is not divided into divisions. Trial may be had in any location in the district where the court is authorized to sit. Wausau, Wisconsin is such an authorized place. The trial court properly noted that many of the alleged acts complained of by defendant occurred either in Wausau or in an area much closer to Wausau than Madison, Wisconsin. Also, most of the witnesses lived in that vicinity.[1]

■ The affidavit of bias and prejudice wholly fails to comply with the provisions of 28 U.S.C.A. § 144 and was not accompanied by a certificate of his counsel of record stating that it was made in good faith. At most, the charge of bias was predicated on the prior adverse ruling by the presiding judge. This is not a proper ground for disqualification.[2]

■ The motion for subpoena of witnesses clearly does not comply with the requirements of Rule 17(b), Federal Rules of Criminal Procedure, 18 U.S.C.A. It does not set forth the testimony defendant expects the witnesses to give nor does he show that such evidence would be material to his case. He has requested four witnesses to produce voluminous records which they do not control or have in their legal custody.

As stated above, defendant chose to act *pro se* in reference to this motion rather than through his court appointed counsel.

■ On September 13, 1960, the United States District Attorney voluntarily gave written notice to defendant that the Government would have present at the hearing nine named witnesses, together with certain records defendant had requested. These nine witnesses were in the list submitted by defendant.

Defendant was brought in person to Wausau, Wisconsin on September 12, 1960 and conferred there with his court appointed counsel on that date.

On the next day, at the time set for the hearing defendant was personally present in court with his court appointed counsel. The case was called and the hearing com--

1. "It is the 'court which imposed the sentence' that under § 2255 is authorized to entertain the motion, grant hearing thereon and determine the issues." The hearing is to be held in the district of sentencing. Baker v. United States, 9 Cir., 287 F.2d 5, 6 (1961). See United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952).

2. "Complaint is made that the judge who tried the case passed upon the [§ 2255] motion. Not only was there no impropriety in this, but it is highly desirable in such cases that the motions be passed on by the judge who is familiar with the facts and circumstances surrounding the trial, and is consequently not likely to be misled by false allegations as to what occurred. It was to avoid the unseemly practice of having attacks upon the regularity of trials made before another judge through resort to habeas corpus that section 2255 of Title 28 was inserted in the Judicial Code." Carvell v. United States, 4 Cir., 173 F.2d 348, 348–349 (1949). See United States v. Bostic, D.C.D.C., 192 F.Supp. 170 (1961).

menced. Government counsel and witnesses were present.

After an opening statement by the District Attorney, defendant *pro se* requested "a court reporter to take this down * * * so I can have a record * * * I want to have this go on the record." The trial court advised him that the reporter was present and that a record was being made of everything that would be said in the hearing.

Defendant *pro se* then stated to the court that he did not question the ability of his court appointed counsel "but he has refused to represent the legal aspects of the case that I want brought before the Court." [3] He further stated that he had retained a lawyer from Madison, Wisconsin (Mr. John Riley) the afternoon before the hearing to represent him as counsel and that "due to a previous matter he couldn't be here." He stated that he would not accept the services of his court appointed counsel and would not proceed without Mr. Riley.

The trial court, with an unusual display of patience, tried to reason with defendant and urged him to go forward with the hearing. Defendant was adamant in his refusal and contemptuous in his remarks to the court. He accused the trial judge of conducting "a kangaroo court" and of being "prejudiced." His final ultimatum to the court was that he would not proceed in that court but said "I will let the Supreme Court decide." Earlier in the colloquy with the court he reminded it of the recognition he had received from the Supreme Court and that this was not to be "a show of form."

The Government pointed out to the trial court that Mr. Riley had not entered any appearance in the case and had not contacted the court, the clerk or the District Attorney, and had not asked for a continuance.

Following defendant's final refusal to proceed with the hearing, the court made the following record:

"Defendant's motion for continuance was denied, and defendant was directed to proceed with his proof of the allegations set forth in the petition. This defendant refused to offer any testimony, and the Court finds no constitutional right of the defendant has been violated, and that the judgment heretofore entered on the pleas of guilty is valid."

On May 4, 1961, defendant *pro se* filed a written motion to require the district court to file written findings of fact and conclusions of law and a written order determining his Section 2255 petition.

On June 19, 1961, the district court entered 16 findings of fact and 8 conclusions of law and a final order denying defendant's motion to vacate the judgments of conviction. This was accompanied by a memorandum decision of 24 pages in which the court reviewed the entire proceeding.

We need not review further the record in this case. We have read it all. It reveals the sorry picture of a well educated confessed criminal (two years of university training) with a record of convictions and pending charges in many other courts. It appears that defendant is utterly devoid of any respect for the integrity of the courts. Although the courts have accorded him every right possible in an attempt to secure to him the full protection of the law, he has abused these privileges in a contemptuous manner.

We hold that the district court has fully complied with the mandate of the Su-

3. It is undisputed that defendant's court appointed counsel was professionally well qualified; that he had assumed his responsibility in good faith; that he had conferred with defendant on September 12–13, 1961 in preparation for the hearing; that he was present in court at the hearing and willing to serve defendant; that he was appointed by the district court on defendant's plea of poverty; that he was appointed in the order setting the case for hearing; and that defendant had notice of such appointment on August 27, 1960. There is no showing that defendant made any complaint to his counsel or anyone else until after the hearing commenced.

preme Court in its remandment "for a hearing at which petitioner should be present."

There was no error in denying defendant's motion for relief under Section 2255.[4]

The order appealed from is affirmed.

Affirmed.

---

4. It is well settled that in § 2255 proceedings the burden is on the defendant to sustain the allegations of his petition for relief. United States v. Hoyland, 7 Cir., 264 F.2d 346, 350 (1959), cert. denied, 361 U. S. 845, 80 S.Ct. 98, 4 L.Ed.2d 83; United States v. Jakalski, 7 Cir., 237 F.2d 503, 505 (1956), cert. denied, 353 U.S. 939, 77 S.Ct. 817, 1 L.Ed.2d 761; United States v. Trumblay, 7 Cir., 234 F.2d 273, 275 (1956), cert. denied, 352 U.S. 931, 77 S.Ct. 233, 1 L.Ed.2d 166.