## WHITE v. UNITED STATES.
### No. 6462.

United States Court of Appeals for the District of Columbia.

Decided June 1, 1936.

Eugene De Souza and Bertram O. Emerson, Jr., both of Washington, D. C., for appellant.

Leslie C. Garnett and J. Edward Burroughs, Jr., both of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

MARTIN, Chief Justice.

Appeal from a conviction and sentence in a robbery case. On January 23, 1935, an indictment was returned in the Supreme Court of the District of Columbia charging that on December 17, 1934, Ernest Newton White by force and violence did steal and carry away from off the person of Frank M. La Porte $1,217.04 in money valued at that sum which then and there belonged to the Riggs National Bank, a body corporate, being then and there a member bank of the Federal Reserve System. In the several counts of the indictment it is stated that the money "belonged to the bank"; that it was then and there in the care, custody, control, and possession of the bank; and that in the perpetration of the robbery White assaulted La Porte with a loaded pistol and thereby put in jeopardy the life of La Porte.

To this indictment the defendant pleaded not guilty, and went to trial. After hearing the testimony and the charge of the court the jury returned a verdict of guilty, and the defendant was sentenced to the penitentiary for a period of not less than five years nor more than ten years. The defendant White thereupon appealed to this court, stating the grounds of his appeal as follows: "The verdict was contrary to the evidence; and there was no evidence as to the ownership of the property alleged to be the subject of the robbery."

Upon a review of the record, we are satisfied that it does not sustain either of the appellant's grounds of appeal.

At the trial the government called George O. Vass as a witness, who testified that he was vice president and cashier of the Riggs National Bank, and that the bank was a member of the Federal Reserve System.

Robert E. Haycock was next called as a witness and testified that he was the auditor of the Riggs National Bank; that Frank M. La Porte was employed on the 17th of December, 1934, as a messenger and assistant in charge of the mailroom of the bank; that his regular run would take him to the Post Office to cash money orders and then he would go to the Union Station and collect deposits from several offices there. The witness was thereupon shown a black leather handbag and testified that it was of the general type of bags which the bank had and con-

tained the label which was put on the inside of such bags.

Frank M. La Porte as a witness testified that on December 17, 1934, he was employed as assistant in the mailroom and as a messenger for the Riggs National Bank; that on that day he went to the Post Office located near the Union Station and got a Treasury check payable to the Riggs National Bank for approximately $23,000; that he also cashed foreign money orders for $288; that he then went to the letter box and collected approximately 150 letters belonging to the Riggs National Bank, which he put in a black bag which he was carrying; that he then went across to the Union Station and into the Baltimore & Ohio Railroad cashier's office and got the sum of $800 for the bank, which he also put in the bag; that he then went through the station to the southeast end of the building, where he went to the ticket receiver's office of the Seaboard Air Line and there received for the bank a package containing checks and currency amounting to approximately $1,600; that these items he also placed in the bag; that he then walked out onto the sidewalk in front of the station, where private cars were parked, that he started west on the pavement in the general direction of the street car platform in front of the building; that thereupon he was confronted by the defendant, who demanded of him that he turn over the black leather bag to defendant. La Porte further testified that he refused the demands of the defendant, and that after some little scuffle the defendant shot him in the right knee; that immediately thereafter the defendant grabbed the leather bag and ran toward a parked automobile, which was directly in front of and across the tracks from the building; that the defendant got in the automobile and was driven away by an unidentified man. The time of this occurrence was placed at or about 12 o'clock noon. La Porte identified the black leather bag which was produced in court as being the one which was the property of the Riggs National Bank and which was in his possession on December 17, 1934, and which was taken from him by the defendant. La Porte further testified that the defendant had on what appeared to be a tweed overcoat of mixed brown and gray and a tan cap; that his trousers were of approximately the same color; that the defendant was of approximately his height and weight, with sandy hair and complexion; that there was no question in his mind but that the defendant was the man who had robbed and assaulted him.

The next witness for the government was John F. Frederick, who testified that he was standing in front of the Union Station when he noticed the defendant acting in a peculiar manner; that he kept his eye on him and was observing his actions when he saw La Porte come out of the building. Witness then described how the defendant undertook to wrest the leather bag from La Porte and stated that he saw the defendant shoot La Porte; that the defendant then picked up the bag and walked across to a parked automobile which he entered, and was driven away. The witness identified the defendant as the robber.

Elmer F. Lewis and Earl L. Baker of the Metropolitan Police Department testified that they arrested defendant at his home and that they had a certain conversation with him wherein he stated, "The information that you have is correct, but I am not admitting anything"; that defendant would make no further statement to them.

The government then rested, and a motion was made by the defendant for a directed verdict upon the ground that the government had failed to show that the money alleged to have been collected belonged to the Riggs National Bank, and therefore the defendant should not be charged under the statute as indicted. This motion was overruled and exception noted by the defendant.

Thereupon, on behalf of the defendant, Mrs. Nellie White, mother of the defendant, testified that on the day in question, which was a Monday, her son was home all day, and that on account of her ill health he did the family washing.

Leonard Irvin testified that he was at the home of Mrs. White on December 17, 1934, and that he saw the defendant there during the lunch hour, at 12 o'clock noon, and that after lunch he saw defendant lie down on his bed and sleep until late that afternoon.

Ernest N. White, Sr., the father of the defendant, testified that the defendant was accustomed to doing the family washing each Monday on account of ill health of Mrs. White, and that he found him lying across the bed when he arrived home that evening after work, shortly aft-

er 5 o'clock. He further testified that when the police officers first came to his residence they arrested Mr. Leonard Irvin, the defendant and himself, holding all three for investigation, and did not charge the defendant, Ernest Newton White, with the offense herein until later.

. Subsequently, at the request of a juror one of the police officers was recalled and in answer to questions put to him stated that the automobile in which the defendant was alleged to have been driven and the money bag in which the money was alleged to have been carried had been located. The officer, over the objection and exception of the defendant, stated that he had not recovered either himself, but understood that the police department had found the bag in a stolen parked car..

At the close of all the evidence the defendant renewed his motion for a directed verdict, which the court overruled.

■ We are of the opinion that the testimony heard at the trial sufficiently sustained the charge set out in the indictment, and that the exceptions taken to the ruling of the trial court in permitting the recalling and examination of the policeman as a witness are without merit.

■ The principal contention relied upon by the appellant is that it was not proven by competent evidence at the trial that the money alleged to have been stolen was the property of the Riggs National Bank. We think, however, that this claim cannot be sustained. The testimony disclosed that the bank was a national bank and a member of the Federal Reserve System; that La Porte was an agent employed by the bank to collect and receive the money as the property of the bank; that at the time of the robbery the money was in La Porte's possession, control, and custody in that capacity for the bank. These facts, together with the assault committed upon La Porte, clearly bring the case within the terms of the Act of the 73d Congress, approved May 18, 1934, entitled, "An Act to provide punishment for certain offenses committed against banks organized or operating under laws of the United States or any member of the Federal Reserve System," 48 Stat. 783 (12 U.S.C.A. § 588a et seq.), which act defines the crime set out in the indictment as follows:

, " * ,' * , * ' * ' * , * ' '

' "Sec. 2. (a) Whoever, by force and violence, or by putting in fear, feloniously takes, or feloniously attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

"(b) Whoever, in committing, or in attempting to commit, any offense defined in subsection (a) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not less than $1,000 nor more than $10,000 or imprisoned not less than five years nor more than twenty-five years, or both." 12 U.S.C.A. § 588b.

■ It is, of course, plain that the money, while in the care, custody, and control of the messenger was, in contemplation of law, in the custody, care, and control of the bank.

. Upon a consideration of all the questions presented by the record, we affirm the judgment of the lower court.

Affirmed.