**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Joseph JAKALSKI, Defendant-**
**Appellant.**

**No. 11746.**

United States Court of Appeals
Seventh Circuit.

Oct. 16, 1956.

Rehearing Denied Nov. 7, 1956.

Joseph Jakalski, pro se.

Robert Tieken, U. S. Atty., Joseph E. Tobin, John Peter Lulinski, Asst. U. S. Attys., Chicago, Ill., for appellee.

Before DUFFY, Chief Judge, and FINNEGAN and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

This is an appeal from an order of the United States District Court for the Northern District of Illinois, Eastern Division, denying the motions of Joseph Jakalski (hereinafter referred to as defendant) for a new trial on the ground of newly discovered evidence and to vacate and correct sentence pursuant to 28 U.S.C.A. § 2255.

The defendant not being present for oral argument, the Government waived argument and this appeal was submitted on the record and briefs.

On February 8, 1951, the defendant was found guilty by a jury of having violated the Bank Robbery Act, 18 U.S. C.A. § 2113. Defendant's motion for a new trial was denied, and on February 23, 1951, he was sentenced for a term of 199 years. Notice of appeal was timely filed, but on November 26, 1951, this court entered an order dismissing the appeal for want of prosecution.

The commitment of defendant was returned executed on December 13, 1951, from Alcatraz Island, California, where the defendant remained during the proceedings below and where he is presently confined.

On July 8, 1954, the defendant was granted leave to file a motion for a new trial on the ground of newly discovered evidence. This newly discovered evidence consisted of an affidavit of one James Alva Hoyland, a Government witness at defendant's trial, that he falsely testified that defendant participated in the bank robbery.

The District Court appointed counsel for defendant who, on November 9, 1954, filed a petition to vacate and correct sentence pursuant to 28 U.S.C.A. § 2255. The Government's motion to dismiss this petition was denied.

On January 26, 1955, the deposition of Hoyland was taken at Alcatraz Island and in the deposition Hoyland reasserted with some elaboration the substance of his affidavit. All the expenses of taking the deposition including the expenses of defendant's counsel were borne by the Government.

Trial Judge Philip L. Sullivan, who presided at defendant's original trial, held hearings on the motions on April 26 and 27, 1955. The court considered the deposition of Hoyland and the testimony of F.B.I. Agent Ross Spencer, the only witness who testified at the hearing.

On May 18, 1955, findings of fact and conclusions of law were entered and both of defendant's motions were denied.

Defendant attempted to raise other issues below which we shall also consider.

### Use of Perjured Testimony.

The introduction of perjured testimony without more does not violate the constitutional rights of the accused. It is the knowing and intentional use of such testimony by the prosecuting au-

thorities that is a denial of due process of law. Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791.

■ Moreover, the defendant has the burden of showing that perjured testimony was used to convict him and that it was knowingly and intentionally used by the prosecuting authorities. United States v. Spadafora, 7 Cir., 200 F.2d 140; Owens v. Hunter, 10 Cir., 169 F.2d 971; Tilghman v. Hunter, 10 Cir., 167 F.2d 661.

■ The District Court found that Hoyland did not commit perjury when he testified against defendant and that neither the United States nor any of its officers knowingly used perjured testimony in the trial of defendant. The record discloses ample evidence to sustain these findings.

In his deposition Hoyland related a certain incident which allegedly occurred in the court room during the trial of defendant and which if true would tend to show knowing use of perjured testimony by the Government. Hoyland said that during the trial Dave Edgerly, one of the defendants, said in a loud voice to Ryan, one of the Government attorneys, in the presence of F.B.I. Agent Ross Spencer that Hoyland was a liar; that Ryan knew he was a liar; and that Ryan knew that Stanley Jakalski was "on the job" and that defendant Joseph Jakalski was innocent. Not only was this denied by Spencer under oath, but the trial judge, who was present in the court room when this incident allegedly transpired, observed in the course of the hearing below, that: "That never happened."

Judge Sullivan conducted the original trial and consequently was exceptionally qualified to pass on the affidavit and deposition. The record shows clearly that he gave the controversy careful and adequate consideration.

■ The defendant was given a full and adequate hearing as required by law. And, as found by the court below, since the defendant did not have knowledge of the matters complained of, it was not necessary that he be present at the hearing on these motions. His presence would not have furthered his cause nor would it have assisted the court in its determination. See United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232; United States v. Nickerson, 7 Cir., 211 F.2d 909.

### Denial of a New Trial.

■■ A motion for a new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial judge and the denial of a new trial will not be disturbed on appeal in the absence of a showing of abuse of discretion. Blackburn v. United States, 97 U.S.App.D.C. 62, 228 F.2d 33; Jencks v. United States, 5 Cir., 226 F.2d 553. Both of these cases involved recanting witnesses who had testified for the Government.

As was said in United States v. Johnson, 327 U.S. 106, at page 111, 66 S.Ct. 464, at page 466, 90 L.Ed. 562, "* * we think it important for the orderly administration of criminal justice that findings on conflicting evidence by trial courts on motions for new trial based on newly discovered evidence remain undisturbed except for most extraordinary circumstances * * *." The record here discloses no such circumstances which would warrant our reversing the order of the District Court.

■■ The defendant has claimed that the testimony of certain witnesses at the original trial was inconsistent and conflicting. However, this disaccord, if it in fact existed, was for the jury to resolve. United States v. Spadafora, 7 Cir., 200 F.2d 140. A motion pursuant to 28 U.S.C.A. § 2255 does not give persons adjudged guilty of a crime the right to have a retrial on the question of the sufficiency of the evidence or errors of law which should have been raised in a timely appeal. United States v. Spadafora, 7 Cir., 207 F.2d 291; Davilman v. United States, 6 Cir., 180 F.2d 284.

■ Defendant also insists that what he did on the occasion in question did not constitute an offense within the meaning of the Bank Robbery Act, 18 U.S.C.A. § 2113. The basis of this contention as advanced by defendant is that the money

or property taken in the robbery was in the possession of a bailee for hire, Brink's, Inc., an armored car service employed by the bank, and thus, was not, in contemplation of law, property or money "belonging to, or in the care, custody, control, management, or possession of, any bank," as charged in the indictment and as required by Section 2113.

It was proved at the trial, however, that the bags and the checks contained therein which were taken in the robbery were property and things of value belonging to the South Chicago Savings Bank which was a member of the Federal Reserve System. The indictment followed the wording of the statute and charged an offense against the United States, and the various elements of the crime were proved.

This contention was passed on at the original trial adversely to defendant, again at the hearing below, and is without merit. See White v. United States, 66 App.D.C. 102, 85 F.2d 268.

The order of the District Court is affirmed.

Affirmed.