**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Joseph JAKALSKI, Defendant-Appellant.
No. 12420.**

United States Court of Appeals
Seventh Circuit.

May 11, 1959.

Rehearing Denied July 20, 1959.

**610**

Michael H. Lyons, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., Charles R. Purcell, Jr., Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., of counsel, for appellee.

Before SCHNACKENBERG, HASTINGS, and KNOCH, Circuit Judges.

KNOCH, Circuit Judge.

Joseph Jakalski was tried to a jury on an indictment charging him with violation of the Federal Bank Robbery Act (18 U.S.C. § 2113)[1] on or about June 25,

---

1. "§ 2113. Bank robbery and incidental crimes

"(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, or any savings and loan association; or

"Whoever enters or attempts to enter any bank, or any savings and loan association, or any building used in whole or in part as a bank, or as a savings and loan association, with intent to commit in such bank, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny—

"Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

1949, and charging further that in the commission of the offense, he feloniously shot and killed two persons, Joseph Den and Bruno Koziol. On February 8, 1951, the jury returned a verdict of guilty as charged, and, on February 23, 1951, the Trial Court sentenced Jakalski to the custody of the Attorney General for 199 years.

On May 19, 1958, the District Court denied Jakalski's motion, filed pursuant to 28 U.S.C.A. § 2255, to vacate that judgment; and this appeal followed.

Prior to indictment for violation of the Federal Bank Robbery Act, defendant had been indicted by a grand jury in Cook County, Illinois, tried and found not guilty of the murders of Joseph Den and Bruno Koziol.

Defendant raises these issues:

1. Was he denied due process at his trial by the manner in which the indictment was drawn?

2. Was he denied a fair trial (a) because he was absent at three stages of the proceedings; (b) because he was forced to defend himself against an offense upon which he had not been indicted (conspiracy); (c) by admission into evidence of certain testimony of one James Hoyland and a written declaration of one David Edgerly, both of whom had been indicted along with defendant, but not tried with him; or (d) by denial of prompt trial?

3. Was he deprived of his constitutional right not to be placed in jeopardy twice for the same offense?

4. Has the District Court authority under 18 U.S.C. § 2113(e) to impose a sentence of imprisonment for a term of 199 years?

■ All of the errors alleged by the defendant are of a character subject to correction on direct appeal. Defendant

filed a notice of appeal, but on November 26, 1951, this Court entered an order dismissing the appeal for want of prosecution. This is defendant's second attempt to vacate the sentence. United States v. Jakalski, 7 Cir., 1956, 237 F.2d 503, rehearing denied, 353 U.S. 978, 77 S.Ct. 1061, 1 L.Ed.2d 1139, certiorari denied, 1957, 353 U.S. 939, 77 S.Ct. 817, 1 L.Ed. 2d 761. A collateral proceeding may not be employed in lieu of appeal. Sunal v. Large, 1947, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982.

The District Court for the second time found defendant's conviction not to be subject to collateral attack. Although not required to consider these questions, we have examined the record, and find no error in the indictment, trial, charge to the jury, or forms of verdict.

■ The indictment clearly charged that defendant had robbed a federally insured member bank of the Federal Reserve System and set forth the aggravating factor that in the course of the robbery, defendant had murdered two men. 18 U.S.C. § 2113(a) and (e).

Even were subsections (a) and (e) to be construed as setting out different offenses, the indictment here charged only the aggravated form of the offense set out in (e) for which it is necessary to allege the elements of the offense set out in (a). It follows naturally that the Trial Judge in instructing the jury treated the indictment as charging a single crime, one of the elements of which was murder. If the jury had found defendant not guilty of the murders, they would have been required, not, as defendant contends, to find defendant guilty of the less aggravated offense of bank robbery, but to return a verdict of acquittal.

■ Defendant was absent only during informal proceedings in chambers involving questions of a continuance, lodg-

---

\* \* \* \* \*

"(e) Whoever, in committing any offense defined in this section, or in avoiding or attempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or confinement for such

offense, kills any person, or forces any person to accompany him without the consent of such person, shall be imprisoned not less than ten years, or punished by death if the verdict of the jury shall so direct."

ing of the jury for the night, and arrangements for service of process on witnesses who were not named at that time; defendant was not deprived of a fair trial by these incidents.

The record does not support defendant's assertion that he was, in effect, tried for conspiracy.

■ The jury was properly instructed that the written statement of Edgerly, read at the trial, was inadmissible against defendant except to the extent to which the jury might find defendant had acquiesced in the statement. There was testimony to the effect that Edgerly's statement had been read to defendant, and that defendant, voluntarily and without coercion, had said of the statement: "The truth is up there on the table in those statements." The credibility of this testimony was a matter for the jury.

■ Defendant was not deprived of his Constitutional right to a prompt trial by indictment after his having been originally apprehended and then tried in the State Court. There is no question of improper denial of bail. Nor had the statute of limitations run on the offense with which he was charged.

■ The defense of double jeopardy is not available to defendant. The United States Supreme Court has recently declined to depart from the established principle that a federal prosecution is not barred by a prior state prosecution of the same person for the same acts. Abbate v. United States of America, 1959, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729.

■■ The Statute provides for punishment by imprisonment for "not less than ten years," or "by death if the verdict of the jury shall so direct." A penal term of 199 years falls within the scope of the Statute. This Court has already ruled that a term of 199 years is not in itself invalid as a "cruel and unusual punishment." United States ex rel. Bongiorno v. Ragen, 7 Cir., 1945, 146 F.2d 349, 352, certiorari denied 325 U.S. 865, 65 S.Ct. 1194, 89 L.Ed. 1985. One hundred and ninety-nine years is "not less than ten years." In reviewing the record, in the light of the two murders, of which the defendant was found guilty, we cannot say the District Court was not fully justified in imposing this sentence.

We wish to express the Court's appreciation for the able and intelligent presentation made in written briefs and oral argument by Michael H. Lyons, a member of the Chicago Bar, appointed to represent defendant-appellant in this Court.

Affirmed.