Joseph JAKALSKI, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 13394.

United States Court of Appeals Seventh Circuit.

June 1, 1962.

**662**

Joseph Jakalski, for appellant.

James P. O'Brien, U. S. Atty., Chicago, Ill., for appellee.

John Peter Lulinski, Asst. U. S. Atty., of counsel.

Before HASTINGS, Chief Judge, DUFFY and KNOCH, Circuit Judges.

HASTINGS, Chief Judge.

Petitioner (appellant) moved for correction of his allegedly illegal sentence under Rule 35, Federal Rules of Criminal Procedure, 18 U.S.C.A.[1] The district court denied the motion, and petitioner appeals.

Petitioner appears in this appeal *pro se.* He did not request appointment of counsel or request that he be permitted to present his own oral argument. Peti-

[1]. Rule 35 provides in pertinent part: "The court may correct an illegal sentence at any time."

tioner not being present at the time this case was assigned for oral argument, the Government waived argument and this appeal was ordered taken on the record and briefs without oral argument.

On February 8, 1951, a jury found petitioner guilty of killing two persons in the commission of a violation of the Federal Bank Robbery Act, 18 U.S.C.A. § 2113. On February 23, 1951, petitioner was sentenced to the custody of the Attorney General for 199 years. Further facts concerning petitioner's trial, conviction and sentencing may be found in two prior opinions of this court, affirming denials of relief under 28 U.S. C.A. § 2255. United States v. Jakalski, 7 Cir., 267 F.2d 609 (1959), cert. denied, 362 U.S. 936, 80 S.Ct. 759, 4 L.Ed.2d 751; United States v. Jakalski, 7 Cir., 237 F.2d 503 (1956), cert. denied, 353 U.S. 939, 77 S.Ct. 817, 1 L.Ed.2d 761.

It is petitioner's contention on this appeal that his sentence is illegal because he was not given an opportunity to speak in his own behalf before sentence was imposed, as required by Rule 32(a), F.R.Cr.P.[2] In Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962), the Supreme Court had before it the question of whether a convicted prisoner who was not given the opportunity to speak in his own behalf before sentencing may attack such error collaterally under Rule 35, F.R.Cr. P. The Court held in the negative and stated:

"[T]he narrow function of Rule 35 is to permit correction at any time of an illegal *sentence,* not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence. The sentence in this case was not illegal. The punishment meted out was not in excess of that prescribed by the relevant statutes, multiple terms

[2]. Rule 32(a) provides in pertinent part: "Before imposing sentence the court shall afford the defendant an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment."

were not imposed for the same offense, nor were the terms of the sentence itself legally or constitutionally invalid in any other respect." Id. at 430, 82 S.Ct. at 472.

Apart from not being given an opportunity to speak, petitioner makes no claim that his sentence is illegal. The decision in Hill is controlling. We hold that petitioner's conviction and sentence are not subject to collateral attack under Rule 35, F.R.Cr.P. for failure to afford petitioner the right to address the court before sentencing under Rule 32(a), F.R. Cr.P.

The Supreme Court decided Hill on January 22, 1962. On February 19, 1962, Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962), was decided and the Court reaffirmed its holding in Hill, stating:

"For the reasons stated in Hill v. United States, ante, 368 U.S. p. 424, 82 S.Ct. 468, we hold that the failure of the District Court specifically to inquire at the time of sentencing whether the petitioner personally wished to make a statement in his own behalf is not of itself an error that can be raised by motion under 28 U.S.C. § 2255 or Rule 35 of the Federal Rules of Criminal Procedure." Machibroda v. United States, supra at 489, 82 S.Ct. at 511.

■ Assuming, without deciding, that petitioner's Rule 35 motion may be treated as a motion under 28 U.S.C.A. § 2255,[3] he is entitled to no relief. In Hill, the Supreme Court also decided that in the absence of other aggravating circumstances a claim such as petitioner's is not cognizable under 28 U.S.C.A. § 2255.

Petitioner attempts to show that in his case there were aggravating circumstances. He alludes to the fact that he was not standing before the bench, *although admittedly present in court,* when sentence was imposed and lists the matters, of which the judge was already aware, that he would have called to the court's attention. The record shows that at the time of sentencing petitioner was personally present in court and was represented by counsel who made an extended statement in his behalf before sentence was pronounced. There is no showing that petitioner made any attempt to address the trial court at that time. We hold that there are no aggravating circumstances in this case that would subject petitioner's conviction and sentence to collateral attack under 28 U.S. C.A. § 2255 because of a violation of Rule 32(a), F.R.Cr.P.

■ In the court below, petitioner set forth as an independent ground for his motion the fact that he was not called to stand before the bench during sentencing. Petitioner did not urge this point on appeal. However, it is clearly not cognizable under a Rule 35 motion or a motion under 28 U.S.C.A. § 2255. Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962).

The order of the district court appealed from is affirmed.

Affirmed.

\*        \*        \*        \*        \*

3. 28 U.S.C.A. § 2255 provides in pertinent part:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set aside the judgment and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."