James Alva **HOYLAND**, Petitioner-Appellant,

v.

**UNITED STATES of America.**
Respondent-Appellee.

No. 13395.

United States Court of Appeals
Seventh Circuit.
June 27, 1962.

Thomas P. Ward, Chicago, Ill., for appellant.

James P. O'Brien, U. S. Atty., S. John Templeton, Jr., Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, Asst. U. S. Atty., of counsel, for appellee.

Before HASTINGS, Chief Judge, and DUFFY and KNOCH, Circuit Judges.

KNOCH, Circuit Judge.

Petitioner-appellant, James Alva Hoyland, has appealed to this Court from the District Court's denial of his motion (filed pursuant to Title 28 U.S.C.A. § 2255) to set aside the sentence which he is now serving in a federal penitentiary.

Petitioner was one of four persons indicted on charges of violating the Federal Bank Robbery Statute, Title 18 U. S.C.A. § 2113. Petitioner pleaded guilty to the charges, cooperated with the prosecution, and testified in the trials of two of his co-defendants. In 1951 he was sentenced to a term of 60 years. No appeal was taken.

About six years later, he filed a motion to vacate the sentence. Denial of his motion was affirmed by this Court on appeal. U. S. v. Hoyland, 1959, 7 Cir., 264 F.2d 346. The factual background of this case is sufficiently set out in that opinion to make repetition unnecessary here.

About three years later, petitioner filed the motion concerned in the instant appeal. As stated in Supplemental Brief. filed on his behalf, at page 6:

[H]is principal contentions are that Rule 32(a) of the Federal Rules of Criminal Procedure was not complied with at the time he was sentenced because the Court gave him no opportunity to make a statement in his own behalf; that the plea of guilty was never acted upon by the trial judge because the record never shows whether Judge Sullivan accepted it or rejected it; and finally that he was denied his constitutional right by not being afforded an opportunity to have a jury pass upon the question of punishment, if any.

The issue respecting application of Rule 32(a), 18 U.S.C.A., was raised in a recent appeal by one of petitioner's co-defendants, Joseph Jakalski, who also moved to vacate and set aside his sentence as illegal because he was given no opportunity to speak in his own behalf before sentence was imposed. This Court affirmed the District Court's denial of Mr. Jakalski's motion (Jakalski v. United States, 1962, 7 Cir., 303 F.2d 661) on the basis of the recent rulings of the U. S. Supreme Court in Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed. 2d 417, 1962, and Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed. 2d 473, 1962. The failure of the District Court specifically to inquire at the time of sentencing whether petitioner himself (as distinguished from his counsel speaking on his behalf) desired to make a statement, is not of itself an error which may be raised by motion under Title 28 U.S.C.A. § 2255 or Rule 35 of the Federal Rules of Criminal Procedure.

As in the Jakalski case, petitioner was personally present in the courtroom. He made no attempt to address the Court. In his brief, petitioner's counsel asserts that petitioner was partially deaf, was seated at the counsel table, some distance from the bench, under guard, where he did not hear the sentencing Judge state:

I have heard the evidence in this case. Any comment?

to which petitioner's counsel responded with an urgent plea for leniency in which he stated that he had represented petitioner in prior state court proceedings and in the federal court and that petitioner had testified for the prosecution in both state and federal court cases. He emphasized petitioner's cooperation, his conscious realization of guilt and his desire to atone for it.

The late Judge Sullivan who sentenced petitioner, also entertained his plea of guilty, and also heard petitioner testify in the trials of two of his co-defendants. Judge Sullivan was in an excellent position to evaluate the extent of petitioner's cooperation and regret for his own actions. Counsel for petitioner argues that Judge Sullivan might have received a more vivid and moving impression of petitioner's courage in testifying in the face of great personal risk and the depth of his remorse for his part in the crime, had petitioner himself addressed the Court. But there is no showing that the sentencing judge was unaware of any pertinent matters which petitioner would have called to his attention. Petitioner was not prevented from addressing the Court. We see no aggravating factors which might take this case out of the scope of the rule in the Hill decision.

 Petitioner further contends that although he pleaded guilty November 21, 1950, he was never told whether the Court accepted or rejected his plea. It is conceded that his plea was recorded in a docket entry as of the same day it was made. We must conclude that the sentence was validly based on an accepted plea of guilty. Nor do we find merit in petitioner's assertion that he was denied a constitutional right to have a jury pass on the question of punishment. The sentence imposed was within the Court's statutory power. Under the Federal Bank Robbery Statute, Title 18 U.S.C.A. § 2113(e), the death penalty is provided if the verdict of the jury shall so direct. We do not have before us the issue of whether the Court may impose a death penalty on a plea of guilty without recourse to a jury.

Neither counsel has cited, nor have we found, any decisions dealing with this precise question under the Federal Bank Robbery Statute. Analogies may, however, be drawn from cases dealing with the kidnapping [1] and murder [2] statutes.

In Seadlund v. U. S., 7 Cir., 1938, 97 F.2d 742, this Court affirmed a death sentence under the kidnapping statute on a plea of guilty where the matter of punishment had been submitted to the jury. We ruled (at page 748) that it was within the Trial Court's discretion to impose a sentence of imprisonment for years or to submit the matter to a jury for its recommendation as to the death penalty. Cf. Waley v. U. S., 9 Cir., 1956, 233 F.2d 804, cert. den. 352 U.S. 896, 77 S. Ct. 134, 1 L.Ed.2d 88; and Donnelly v. U. S., 10 Cir., 1950, 185 F.2d 559, cert. den. 340 U.S. 949, 71 S.Ct. 528, 95 L. Ed. 684, where the Court held (at page 560) that a guilty plea constituted a waiver of the right to a trial by jury.

The decision of the District Court in this case is affirmed.

The Court is grateful to Mr. Thomas P. Ward of the Illinois bar for his skilled efforts as Court-appointed counsel in representing the appellant.

Affirmed.

---

1. Title 18 U.S.C.A. § 1201 (formerly § 408a).

2. Title 18 U.S.C.A. § 1111.