Joseph **JAKALSKI**, Petitioner-Appellant,

v.

**ATTORNEY GENERAL OF** the **UNITED STATES**, and **J. T. Willingham**, Warden, Respondents-Appellees.

No. 17036.

United States Court of Appeals
Seventh Circuit.

April 7, 1969.

Rehearing Denied May 14, 1969.

James H. Ryan, Chicago, Ill., Joseph Jakalski, pro se, for petitioner-appellant.

Thomas A. Foran, U. S. Atty., William T. Huyck, Asst. U. S. Atty., Chicago, Ill., for respondents-appellees; John Peter Lulinski, Michael B. Nash, Asst. U. S. Attys., of counsel.

Before CASTLE, Chief Judge, and KILEY and FAIRCHILD, Circuit Judges.

KILEY, Circuit Judge.

This is petitioner's fourth appeal from denials by the district court of motions [1] collaterally attacking his conviction in 1951 of aggravated bank robbery under 18 U.S.C. § 2113. We affirm.

The attorney who had represented petitioner at trial filed the notice of appeal from the conviction in 1951, and an appearance in this court but withdrew after filing petitioner's motion for leave to sue in forma pauperis. Leave was granted, petitioner proceeded in forma pauperis, but his appeal was dismissed over his pro se opposition for want of prosecution. See United States v. Jakalski, 237 F.2d 503 (7th Cir. 1956), cert. denied, 353 U.S. 939, 77 S.Ct. 817, 1 L.Ed.2d 761 (1957).

In November, 1954, the first Sec. 2255 motion was filed by court-appointed counsel, based on an affidavit of a government witness Hayland that he had testified falsely at the trial. The district

---

1. Two motions were under 28 U.S.C. § 2255. A third motion, while formally a Rule 35 motion Fed.R.Crim.P., to correct the sentence of 199 years, was treated by this court as a § 2255 motion.

court denied the motion after a hearing, and this court in United States v. Jakalski, 237 F.2d 503 (7th Cir. 1956), affirmed on petitioner's pro se appeal, deciding, *inter alia,* there was no showing of intentional use of alleged perjured testimony, and accordingly no constitutional question was presented.

Petitioner's second Sec. 2255 motion was denied in May, 1959, and again this court, on appeal with court-appointed counsel representing petitioner, affirmed. 267 F.2d 609 (7th Cir. 1959), cert. denied, 362 U.S. 936, 80 S.Ct. 759, 4 L. Ed.2d 751 (1960). The court rejected petitioner's attack on the indictment; decided that the question whether petitioner had or had not acquiesced in an incriminating statement of one Edgerly was a credibility question for the jury at trial; rejected the claim of an unconstitutional denial of a prompt trial; and decided, on authority of Abbate v. United States, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959), that there was no double jeopardy question arising from petitioner's two acquittals in state murder charges and federal trial of the bank robbery case involving the same two homicides.

The third motion was to correct an illegal sentence under Rule 35, Fed.R. Crim.P. In June of 1962 this court affirmed the district court's denial of the motion. Jakalski v. United States, 303 F.2d 661 (7th Cir. 1962). The court rejected—on authority of Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962), and Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962), respectively—use of a motion under Rule 35 or under Sec. 2255 for a collateral attack on a sentence on the ground that petitioner was not afforded an opportunity to address the court before sentencing.

Now we have the fourth appeal, presented by court-appointed counsel, from denial of a motion attacking petitioner's conviction on the grounds that petitioner was denied his Sixth Amendment right to counsel in this court in the 1951 appeal, and denied protection of the Double Jeopardy Clause of the Fifth Amendment by the federal trial.

■ The double jeopardy question was not ruled on in the district court. Nevertheless we point out that the double jeopardy question presented to this court in 1959 was rejected, United States v. Jakalski, 267 F.2d 609 (7th Cir. 1959), and cannot be considered again. Neither was the claimed denial of Sixth Amendment right to counsel raised in the district court. However, we point out that there is no merit to the claim.

■ Petitioner was not denied a "first appeal," Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), of his conviction. The attorney of his choice filed notice of appeal on April 11, 1951. He filed an appearance in this court, brought up the transcript of testimony and filed petitioner's motion to proceed on appeal in forma pauperis. The court on August 29, 1951, denied the government's motion, filed August 17, 1951, to dismiss the appeal upon petitioner's pro se answer, filed August 24, to the motion. The court granted his pro se motions for leave to proceed in forma pauperis and to dispense with requirement of a printed record. The government moved again October 17, 1951, to dismiss the appeal, petitioner filed an answer October 25, to which, on October 26, the government filed a reply, and petitioner filed an answer to the reply. On October 29 the appeal was dismissed.

Petitioner is not helped by Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), or by Johnson v. United States, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593 (1957), where the petitioners had requested and were denied assistance of counsel on appeal. Petitioner here did not request assistance but chose to proceed pro se after his attorney withdrew. We think the rule stated in Johnson v. United States, 352 U.S. 565, 566, 77 S.Ct. 550, 1 L. Ed.2d 593 (1957), and in Hardy v. Unit-

ed States, 375 U.S. 277, 278, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964), works against petitioner because by not requesting this court to appoint an attorney and by proceeding pro se he insisted "on being his own" attorney. This court stated, United States v. Jakalski, 237 F.2d 503 (7th Cir. 1956), and 267 F.2d 609 (7th Cir. 1959), that he could not use the motions in lieu of appeal, and could not retry in this court what he should have raised in 1951 on appeal from his conviction. But the court said it had nevertheless considered the questions that should have been raised in the 1951 appeal and found no error in the indictment, trial, instruction or form of verdict—the points urged by petitioner as having denied him a fair trial.

We find no error in denying the petition.

The court expresses its appreciation to James H. Ryan, of the Chicago Bar, for his services as court-appointed counsel for petitioner-appellant.

Affirmed.