785 F.2d 311
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee
v.
FLOYD MURRAY, JR. (84-1154), JOHN MURRAY (85-1157),
Defendants-Appellants.
 85-1154, 85-1157
 United States Court of Appeals, Sixth Circuit.
 1/21/86
 
 Before: MERRITT and MARTIN, Circuit Judges; and JOHNSTONE, Chief District Judge.*
 PER CURIAM.
 
 
 1
 John and Floyd Murray were convicted by a jury in the Eastern District of Michigan on April 11, 1985 for conspiracy, interstate transportation of stolen property, and theft of the assets of a federal credit union. The defendants are brothers. They appeal their conviction, claiming a violation of the Speedy Trial Act, 18 U.S.C. Sec. 3161. Floyd Murray contests the district court's failure to give a requested jury instruction, and John Murray raises various jurisdictional problems.
 
 
 2
 The defendants are brothers. John Murray was an armored car driver for Total Armored Car Company until March 12, 1984, the date of the robbery. On March 12, John Murray drove away with the contents of the van, and he and Floyd took the money to a Detroit motel. That night, Floyd Murray gave a bag with $100,000 in cash in it to a third party. The Murrays then went to Indiana, where they were arrested by FBI agents. The Murrays had with them almost $400,000 in cash and securities from the van when they were arrested. After a trial by jury, John Murray was sentenced to concurrent terms of six years' imprisonment for each of three counts: conspiracy, theft of money belonging to a credit union, and interstate transportation of stolen property. Floyd Murray, Jr. was sentenced to concurrent terms of three years each on the same three counts.
 
 
 3
 John and Floyd Murray were indicted on April 11, 1985, and tried on December 4, 1985. While this Court's computation of excludable days under the Act differs slightly from the governments', we agree that no Speedy Trial Act violation occurred in this case. The days of the indictment and arraignment are excludable under 18 U.S.C. Sec. 3161, thus the clock began running initially on April 13, 1984. A motion to review defendant's representation as filed by the government on May 9, which stopped the clock under 18 U.S.C. Sec. 3161(h)(1)(F). Twenty-seven days had elapsed. The withdrawal of defendants' first attorney, and the filing of a continuance, rendered the time between May 9 and July 27 excludable under section 3161(h)(8) and section 3161(h)(1)(F). The clock ran from July 27 to August 10, when the defense counsel was unavailable for trial. The court excluded August 10-August 27 under the 'interests of justice' exception. 18 U.S.C. Sec. 3161(h)(8). The next non-excludable day was August 28, and thirteen days elapsed before the defendants filed a motion to dismiss on September 11. The total time elapsed on the clock was fifty-four days. The court had several motions under advisement until October 26, when two more non-excludable days passed. On October 29, the defendants filed a motion for discovery and a bill of particulars. On November 2, the defense counsel was changed. The court ruled that the period beginning with the appointment of new counsel would be excludable 'for a reasonable period of time.' The defendants' trial began on December 4, 1984, with a total of fifty-six non-excludable days having elapsed.
 
 
 4
 The Murrays next argue that the district court's admission of the charter of the federal credit union was reversible error, because it was not the best evidence. This argument must fail, as Rule 1003, F.R.E. provides that a duplicate is admissible to the same extent as the original unless there is doubt as to the copy's authenticity or its admission would be unfair. The district court determined that the relevant portions of the document were readable, and Ruby Nash, an employee of the credit union, gave uncontradicted testimony that the credit union was federally chartered. The substance of her testimony was not disputed at trial, and is not disputed before this Court. Under Rule 103(a), F.R.E., an error may not be predicated on an erroneous evidentiary ruling unless a substantial right of the party is affected. The district court's decision to admit the copy of the credit union's charter was not an abuse of discretion. United States v. Jenkins, 525 F.2d 819, 824 (6th Cir. 1975).
 
 
 5
 Floyd Murray contends that the district court erred in refusing to give his requested instruction that mere presence at the scene of a crime is not sufficient to convict a defendant. In reviewing the instructions as a whole, as required by United States v. Mantucci, 502 F.2d 883, 889 (6th Cir. 1974), we do not believe the district court committed reversible error. A defendant is only entitled to a requested jury instruction if the evidence at trial supports the instruction. United States v. Bryant, 716 F.2d 1091, 1094 (6th Cir. 1983), cert. denied, 104 S. Ct. 1006. An examination of the record reveals no evidence that Floyd Murray was 'merely present' throughout the conspiracy. In any case, the jury instructions as given clearly stated that mere similarity of conduct does not necessarily establish a conspiracy, and correctly instructed the jury as to the mens rea requirements of each offense. We therefore cannot regard the district court's failure to give the requested instruction to be reversible error.
 
 
 6
 In his brief, John Murray asserts jurisdictional arguments. These claims are meritless. Clearly the funds are covered by section 2113(b), even though they happened to be located in the armored car when they were stolen. This argument was specifically addressed in United States v. Jakalski, 237 F.2d 503 (7th Cir. 1956), in which the Seventh Circuit concluded that funds being transported in an armored car were still covered by section 2113(b). The cash was being delivered for deposit by the credit union into the National Bank of Detroit; federal jurisdiction is not affected by the location of the money in the armored car. Because this is true, John Murray's assertion that the FDIC is not licensed to do business in Michigan has no effect on this case.
 
 
 7
 The judgment of the district court is affirmed.
 
 
 
 *
 Honorable Edward H. Johnstone, Chief United States District Judge for the Western District of Kentucky, sitting by designation