**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 20, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

————————

No. 04-60692

————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD KEITH BURTON,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Mississippi

Before DAVIS, JONES, and GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Donald Keith Burton appeals the denial of his motion for acquittal and for a new trial. He

claims that the evidence is insufficient to support his convictions for bank robbery under 18 U.S.C.

§ 2113(a) and (d), brandishing a firearm during and in relation to a crime of violence under 18 U.S.C.

§ 924(c)(1), obstruction of commerce by robbery under 18 U.S.C. § 1951(b)(3), and brandishing a

firearm in furtherance of the obstruction of commerce by robbery under 18 U.S.C. § 924(c)(1). In the

alternative, Burton seeks to have his sentence vacated and remanded under *United States v. Booker*,

125 S. Ct. 738 (2005).

Burton's convictions arose from a rape and robbery in September of 2000. The victim, Chelsey Childs, checked her mail at a post office. As she left the post office, Burton grabbed her from behind and demanded money. Childs told Burton that she only had a few dollars and gave him her wallet and ATM card. Burton then ordered Childs to get into her car and he drove them to a Union Planters Bank. Burton backed the car into the drive-through ATM in such a way that Childs ) ) in the passenger seat ) ) was able to access the ATM. Childs withdrew $150 and gave it to Burton. Burton then drove Childs to a secluded location and sexually assaulted her. The jury returned a guilty verdict on four counts, including bank robbery under § 2113(a).

Section 2113(a) states in part

Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value *belonging to, or in the care, custody, control, management, or possession of, any bank*, credit union, or any savings and loan association . . .
Shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 2113(a) (emphasis added). Burton claims that there is insufficient evidence that the money "belong[ed] to" or was in "the care, custody, control, management or possession" of Union Planters Bank. He argues that the evidence only supports a finding that he robbed Childs.

"When interpreting the sufficiency of the evidence, this court views all evidence, whether circumstantial or direct, in the light most favorable to the Government with all reasonable inferences to be made in support of the jury's verdict." *United States v. Moser*, 123 F.3d 813, 819 (5th Cir. 1997). The standard for reviewing a claim of insufficient evidence is whether a rational jury could have found that the evidence established the essential elements of the offense beyond a reasonable

doubt. *United States v. El-Zoubi*, 993 F.2d 442, 445 (5th Cir. 1993).

This court addressed a similar appeal in *United States v. Van*, 814 F.2d 1004 (5th Cir. 1987). In *Van*, the defendants broke into the victim's house and threatened to kill her if she did not give them the money she had received from the settlement of a Social Security claim. *Id*. at 1005. After she convinced them that she had spent some of it and deposited some of it in the bank, the defendants left her home, taking her two year old daughter with them. *Id*. The following day she received a telephone call instructing her to withdraw the money from her account and to drive to a 7-Eleven store for further instructions. *Id*. At the 7-Eleven, the victim received a call on a pay-phone instructing her to drive to a different 7-Eleven. *Id*. At the second 7-Eleven, the victim gave one of the defendants the money. *Id*.

The defendants appealed their bank robbery convictions, claiming that the money neither "belong[ed] to" the bank nor was in "the care, custody, control, management, or possession" of the bank. *Id*. at 1006. The court agreed on the grounds that (1) the victim withdrew her own money and (2) traveled nine miles before giving the funds to the defendants. *Id*. at 1006-07.

Even though Childs immediately gave Burton the money, *Van* is still directly on point and controlling. The funds did not "belong[] to" the bank. Burton sought and received a limited amount of Childs' money for which he knew her account had sufficient funds. Childs inserted her ATM card, entered her PIN, and withdrew money from her account. This is not a case in which the defendant sought the bank's money. *Cf. United States v. Carpenter*, 611 F.2d 113, 114 (5th Cir. 1980) (upholding a bank robbery conviction of a defendant who abducted and held the son of two bank officials until ransom was paid, finding that "[t]he abduction and extortionate telephone calls in this case were certainly likely to cause the bank's assets to be drawn upon"); *United States v. Beck*, 511

3

F.2d 997 (6th Cir. 1975) (same). Childs made a valid)) albeit coerced)) withdrawal of her own funds, which Burton then stole. *See Van*, 814 F.2d at 1007 (finding on similar facts that "[t]he evidence in this case clearly shows that no funds belonging to the bank were transferred to appellants").

The $150 was not in the "the care, custody, control, management, or possession"of the bank. We only consider "the care, custody, control, management, or possession" at the time of the transfer to Burton. *See Van*, 814 F.2d at 1007 ("The $4,000 did not 'belong to' a bank and it was not in the 'care, custody, control, management, or possession of a bank' *at the time that Bradley transferred the money to Titus*.") (emphasis added).[1] Childs had the money and gave it to Burton in her vehicle)) not in the bank. Regardless of how brief her possession, the bank did not have "care, custody, control, management, or possession" of property in Childs' vehicle.

Cases finding that property was within the "care, custody, control, management or possession" of a bank have done so when the property was *inside* the bank. *See United State v. Dix*, 491 F.2d 225 (9th Cir. 1974) (finding that contents of a safety deposit box "were within the care of the bank"); *United States v. Clark*, 398 F.Supp. 341 (E.D.Pa. 1975) (same); *Chapman v. United States*, 346 F.2d 383 (9th Cir. 1965) (finding that property of the bank and bank employee stolen from the bank employee's desk were "within the care, custody, or control of the bank"). Clearly, banks have "care, custody, control, management or possession" of many of the goings-on inside their own buildings. Bank employees assist customers accessing their safety deposit boxes, manage where and how the safety deposit boxes are stored, and where and how customers access their boxes. Customers'

---

[1] *Van* notes three categories of § 2113(a) cases, including those cases "in which items are taken from the premises of a bank." 814 F.2d at 1006. We do not read *Van*'s descriptive grouping as equating or supplanting the statutory requirement of "care, custody, control, management, or possession" of a bank.

vehicles)) even those vehicles on bank property)) are different than safety deposit boxes located in bank vaults. It is absurd to think that a bank teller could enter a customer's vehicle to assert "management" of the property within the vehicle.

We decline the Government's invitation to follow *United States v. McCarter*, 406 F.3d 460 (7th Cir. 2005). In *McCarter*, the defendant accosted a woman in a parking garage. *Id*. at 461. He then forced her into her car and ordered her to drive to an ATM. *Id*. Before they left the garage, the woman screamed for help and the defendant fled. *Id*. The Seventh Circuit upheld the defendant's attempted bank robbery conviction. Judge Posner wrote, "if, as the defendant intended here, the robber forces the bank's customer to withdraw the money, the customer becomes the unwilling agent of the robber, and the bank is robbed." *Id*. at 463. In support of this proposition, the court cited *Embrey v. Hershberger*, 131 F.3d 739 (8th Cir. 1997) (en banc). *Id*.

In *Embrey*, the victim was not a bank customer but a bank employee forced to withdraw the bank's money. *Id*. at 739. *Embrey* is thus more similar to *Carpenter* than the instant case. 611 F.2d 113. As noted *supra*, in *Carpenter*, this court upheld a bank robbery conviction of a defendant who abducted and held the son of two bank officials until ransom was paid, finding that "[t]he abduction and extortionate telephone calls in this case were certainly likely to cause the bank's assets to be drawn upon." *Id*. at 114. *See also Van*, 814 F.2d at 1007-08 (finding that "bank assets belong to the bank and prosecution may be under Section 2113 even though such assets actually are in the possession of a bank employee or agent") (citing *United States v. Jakalski*, 237 F.2d 503 (7th Cir. 1956); *White v. United States*, 85 F.2d 268 (D.C. Cir. 1936)). In *Embrey* and *Carpenter*, the robber sought property actually "belonging to" the bank and the bank employees' handling of the property evidenced the banks' "care, custody, control, management or possession" of the property. We are thus unpersuaded

5

by *McCarter* and follow the controlling precedent of this circuit.

A rational jury could not have found that the evidence established the essential elements of the offense beyond a reasonable doubt. There is no evidence that the $150 "belong[ed] to" or was in the "care, custody, control, management or possession" of Union Planters Bank. Childs withdrew her money from her account and gave the money to Burton in her car. Thus, the district court erred by denying Burton's motion for acquittal.

Burton correctly argues)) and the Government conceded at oral argument)) that Burton's convictions for 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 1951(b)(3) fail without his 18 U.S.C. § 2113(a) and (d) conviction. Thus, we do not address Burton's *Booker* claims.

Accordingly, we REVERSE the district court's order denying Burton's motion for judgment of acquittal and VACATE Burton's convictions for 18 U.S.C. § 2113(a) and (d), 18 U.S.C. § 924(c)(1), and 18 U.S.C. § 1951(b)(3).